KEHLER v. NEW ORLEANS INS. Co.[1]

*(Circuit Court E. D. Missouri.* April 11, 1885.)

1. FIRE INSURANCE—NOTICE TO BROKER.

Where a policy of insurance procured through a broker contained the following conditions, viz.: " If any broker or other person than the assured have procured the policy, or any renewal thereof, or any indorsement thereon, he shall be deemed to be the *agent of the assured,* and not of this company, in any transaction relating to the insurance. This insurance may be terminated at any time by request of the assured, or by the company, on giving notice to that effect;" *held,* that notice from the company to the broker who procured the policy, of an election to terminate the insurance, was not notice to the assured.

2. PRACTICE—MOTION TO SET ASIDE VERDICT—NEW DEFENSE.

A verdict and judgment thereon will not be set aside upon the ground that the defendant has been prevented, by a mistake, and without fault, from being represented at the trial and making his defense, when the defense which he sets up in affidavits in support of his motion to set aside is entirely new, and not disclosed by the original pleadings.

## Motion to Set Aside the Verdict and Judgment.

Suit upon a fire insurance policy taken out by the assured through a broker. The policy contained among its conditions the following:

"If any broker or other person than the assured have procured this policy, or any renewal thereof, or any indorsement thereon, he shall be deemed to be the agent of the assured, and not of this company, in any transaction relating to the insurance. This insurance may be terminated at any time by request of the assured, or by the company, on giving notice to that effect."

The answer contains a general denial, and states that the defendant had terminated the insurance by notice to the plaintiff according to the terms of the policy, before any loss occurred. At the trial it appeared that the defendant had atttempted to terminate the insurance before the fire, by giving notice to the broker who procured the policy, but that the plaintiff had received no actual notice of the defendant's desire to terminate the insurance until after the fire occurred.

The defendant was not represented at the trial. The verdict was for the plaintiff. The defendant moved to set aside the verdict, and filed affidavits tending to show that the attorney's absence had been caused by a mistake, and that it had a defense not set up in its answer.

*G. M. Stewart,* for plaintiff.

*Eleneious Smith* and *E. H. Gary,* for defendant.

TREAT, J., *(orally.)* In the case of *Kehler* v. *New Orleans Ins. Co.* there is a motion to set aside verdict and judgment. The original defense to the case was that, under the terms of the policy, it could be canceled on notice given, and that said notice was given before the loss. On the testimony submitted, it appeared the notice was not given. I supposed the contention would be that the broker who negotiated the insurance must be treated as if he were the plaintiff

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

himself, or his agent for receiving notice. He is not so. That question was before the supreme court and decided in the case of *Grace* v. *Insurance Co.* 109 U. S. 278; S. C. 3 Sup. Ct. Rep. 207. His functions terminated when he effected the policy.

Now, this motion goes a step further. It sets up in the affidavit an entirely new defense, which, it seems, was not thought of before, to-wit, that the policy executed and delivered to the plaintiff was only on condition that the parent company should assent thereto, which it never did. That is something that was not in the original pleadings. The party had abundant opportunity to do that originally. Now he wishes to set up a new defense, and reopen the case upon a theory which is utterly inconsistent with his own correspondence on file.

The motion will be overruled.