**STANDARD LEATHER CO. v. NORTHERN ASSUR. CO. OF LONDON, ENGLAND.**

(Circuit Court, W. D. Pennsylvania. November 14, 1907.)

No. 42.

INSURANCE—CANCELLATION OF POLICY—NOTICE TO BROKER.

Plaintiff authorized a firm of insurance brokers to procure insurance on property in a certain amount, and the brokers obtained a policy from defendant and notified plaintiff of the fact. Subsequently defendant notified the brokers of its intention to cancel the policy, which by its terms it could only do on notice. The brokers had not delivered the policy to plaintiff, nor notified it of the cancellation, when the property was burned. *Held*, that they were agents for plaintiff for the purpose of procuring the insurance, but for that purpose only; that delivery of the policy to them was delivery to plaintiff, but that on such delivery their agency ceased, and the notice to them was ineffective to authorize the cancellation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 501, 503.]

At Law. On motion for judgment non obstante veredicto.

J. S. & E. G. Ferguson, for plaintiff.
J. H. Harrison, for defendant.

BUFFINGTON, Circuit Judge. This was a suit by the Standard Leather Company against the Northern Assurance Company upon a policy of insurance. The company defended upon three grounds: First, that the policy was canceled before the fire; second, that it was

avoided by naphtha on the premises; and, third, that immediate notice of the fire was not given. The second and third grounds were decided in favor of the plaintiff by the verdict, and defendant now moves to enter judgment in its favor non obstante veredicto on the reserved question, viz.:

"Whether the notice of cancellation in this case, given to the brokers who procured the insurance and not given to the insured, was sufficient to cancel the policy."

The facts of the case are: Prior to May 31, 1904, the Negley & Clark Company, a firm of insurance brokers, solicited from Mr. Lappe, an officer of plaintiff, an order for insurance, and on May 31st wrote the plaintiff making an offer to secure $75,000. They were authorized to secure it; Clark, one of the firm, testifying their instructions were "simply general instructions to place some insurance, if we could." Thereupon they procured from the defendant's agent the policy in suit, were duly charged with the premiums, and no question of premium payment is made. On report to the defendant of the issue of the policy by its agent, defendant directed its cancellation. The policy provided as follows:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

Notice of cancellation was given to the Negley & Clark Company the latter part of June, but none to plaintiff by defendant or the Negley & Clark Company. The policy had not been delivered by the Negley & Clark Company to the plaintiff when they received notice of cancellation. On July 3d Clark, a member of the Negley & Clark Company, informed Mr. Lappe they had secured $75,000 insurance on plaintiff's property. That property, so insured by the defendant's policy, was destroyed by fire on July 11th.

Now it is clear that in point of fact the Negley & Clark Company were agents of the plaintiff solely for the purpose of procuring insurance, for no express authority, verbal or written, authorizing any other act is shown. When they procured such insurance, and the defendant's policy was delivered to them as the plaintiff's agents, they had as between the plaintiff and defendant carried out their agency. To this effect is Grace v. American Central Ins. Co., 109 U. S. 282, 3 Sup. Ct. 207, 27 L. Ed. 932, where it is said:

"As the uncontradicted evidence was that Anthony's (Negley & Clark's) agency or employment extended only to the procurement of the insurance, * * * his agency ceased when the policy was executed."

That the policy remained in the hands of the agents did not enlarge the scope of their agency. The policy being in their hands as agents to procure, subsequent delivery or nondelivery to their principal neither broadened the agency nor affected the principal's rights. The policy having been executed by defendant and delivered to the plaintiff's agent, that, as between the defendant and the plaintiff, was a delivery

to the plaintiff. Such being the case, the law is well settled in the federal courts (Grace v. American Central Ins. Co., supra; Kehler v. New Orleans Ins. Co. [C. C.] 23 Fed. 709; Adams v. Mfg. Co. [C. C.] 17 Fed. 630) that notice of cancellation to the broker did not affect the rights of the insured.

The motion of the defendant for judgment is denied. The clerk will enter judgment for the plaintiff on the verdict.