## KAUFFMAN *v.* KENNEDY.

*(Circuit Court, D. Nebraska.* November Term, 1885.)

1. REMOVAL OF CAUSE—MOTION TO QUASH NOT WAIVED BY.
   By making an application to remove the cause to the circuit court of the United States a motion to quash the service made previously in the state court is not thereby waived,
2. ACTION—PROCESS—SERVICE ON NON-RESIDENT WITNESS INVALID.
   A non-resident party, a witness temporarily in another state, in attendance on court, is exempt from service of civil process.

Motion to Quash Service of Summons. The opinion states the facts.

*Sawyer & Snell,* for plaintiff.

*G. M. Lambertson,* for defendant.

DUNDY J. This cause was commenced in the state court. Before its removal to this court counsel for defendant made a special appearance and moved to quash the service of summons, because process was obtained on the defendant, a resident of the state of Michigan, while he was attending as a witness in this state in a criminal prosecution against the plaintiff. Since the removal of the cause to this court the motion is insisted upon; and in my opinion the defendant, by making an application to remove the cause to the circuit court of the United States, did not waive his right to insist on this motion after the cause was removed here. The facts as shown by the affidavits and pleadings are as follows: About the sixth day of August A. D. 1885 one Thomas E. Barkworth, by the advice of the state district attorney, made complaint before a justice of the peace charging the plaintiff with selling mortgaged property without the consent of the defendant. The hearing of the case was postponed 10 days, and the district attorney requested that the defendant, Wallace E. Kennedy, come to Nebraska to give testimony against the plaintiff, his testimony being absolutely necessary to sustain the prosecution. Under the advice of counsel, and at the solicitation of the district attorney, the defendant came from the state of Michigan to Nebraska solely for the purpose of giving his testimony on behalf of the state against the said Kauffman. His attendance was voluntary, as no subpœna could be served upon him outside of the state. While he was in attendance as a witness, and before he had given his testimony, the plaintiff, Kauffman, brought suit against Kennedy on a breach of warranty in the sale of sheep, claiming damages in the sum of $8,000, and summons was immediately served.

It is well settled that a non-resident party, a witness temporarily in another state in attendance on court, is exempt from service of civil process. And where, as in this case, a witness comes into this state on the advice and invitation of the district attorney, solely for the purpose of giving testimony as a witness, and remaining only

the reasonable and necessary time required to give his testimony, he should be exempt from service of summons in a civil suit. If the rule were otherwise it would often work a miscarriage of justice, especially in a criminal case where the witness must meet the accused face to face, for no one would voluntarily go into a foreign state to give testimony in a suit, if he were liable to be put to the expense of a lawsuit in a strange forum. The motion is accordingly sustained, and the service of the summons is quashed.