## HOLYOKE & SOUTH HADLEY FALLS ICE CO. v. AMBDEN.

### (Circuit Court, D. Massachusetts. April 5, 1893.)

### No. 3,620.

1. WRITS—SERVICE OF PROCESS—INTERSTATE COMMERCE.
The service of process from a Massachusetts court on a defendant who is a citizen of Vermont, and is at the time of service traveling through Massachusetts in order to attend court in Connecticut as a witness for and at the request of a citizen of Massachusetts, is valid, and is not an unlawful interference with interstate commerce. Crutcher v. Kentucky, 11 Sup. Ct. Rep. 851, 141 U. S. 47, distinguished.

2. SAME—EXEMPTION OF WITNESS.
The policy of the law exempting from service of process parties and witnesses going to and from court extends only to the jurisdiction in which attendance at court is required, and does not render invalid a service of process from a Massachusetts court upon a citizen of Vermont while traveling through Massachusetts to attend court in Connecticut as a witness.

At Law. Action in the superior court of the county of Hampden, Mass., by the Holyoke & South Hadley Falls Ice Company, against Rollin Ambden. Defendant removed the cause to this court, and it is now heard by the court on a plea in abatement, and plaintiff's traverse and demurrer to the same. Plea overruled.

William H. Brooks and Henry A. Wyman, for plaintiff,

Cited Larned v. Griffin, 12 Fed. Rep. 590; People v. Judge, etc., 40 Mich. 729; Blight's Ex'r v. Fisher, 1 Pet. C. C. 41; Parker v. Hotchkiss, 1 Wall. Jr. 269; Person v. Grier, 66 N. Y. 124; Plimpton v. Winslow, 9 Fed. Rep. 365; In re Healey, 53 Vt. 694; Small v. Montgomery, 23 Fed. Rep. 707; Compton v. Wilder, 40 Ohio St. 130; Palmer v. Rowan, 21 Neb. 452, 32 N. W. Rep. 210; Christian v Williams, 35 Mo. App. 303; Bank v. McSpedan, 5 Biss. 64; Wilson v. Donaldson, 117 Ind. 356, 20 N. E. Rep. 250; Dungan v. Miller, 37 N. J. Law, 182; Greer v. Young, 120 Ill. 184, 11 N. E. Rep. 167; Robbins v. Lincoln, 27 Fed. Rep. 342; Hurst's Case, 4 Dall. 387; Smith v. Jones, 76 Me. 139; Sanford v. Chase, 3 Cow. 381; Mitchell v. Judge, 53 Mich. 541, 19 N. W. Rep. 176; Hopkins v. Coburn, 1 Wend. 292; Matthews v. Tufts, 87 N. Y. 570; In re McNeil, 3 Mass. 287, and 6 Mass. 245; Ex parte McNeil, Id. 264; Com. v. Huggeford, 9 Pick. 257; Chaffee v. Jones, 19 Pick. 260; Wood v. Neale, 5 Gray, 538; May v. Shumway, 16 Gray, 86; Thompson's Case, 122 Mass. 428.

Gilbert A. Davis and D. E. Webster, for defendant,

Cited, in addition, to the first point, Crandall v. Nevada, 6 Wall. 35; Passenger Cases, 7 How. 283; Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. Rep. 681; Lyng v. Michigan, 135 U. S. 161, 10 Sup. Ct. Rep. 725; In re Rahrer, 140 U. S. 545, 11 Sup. Ct. Rep. 865; Crutcher v. Kentucky, 141 U. S. 47, 11 Sup. Ct. Rep. 851; and to the second point, Bridges v. Sheldon, 7 Fed.

Rep. 43; King v. Coit, 4 Day, 130; Case v. Rorabacher, 15 Mich. 537; Hall's Case, 1 Tyler, 274; Halsey v. Stewart, 4 N. J. Law, 420; Sewing Mach. Co. v. Wilson, 22 Fed. Rep. 803; Harkness v. Hyde, 98 U. S. 476; Atchison v. Morris, 11 Fed. Rep. 582; Bentlif v. Finance Corp.. 44 Fed. Rep. 667; Kauffman v. Kennedy, 25 Fed. Rep. 785; Miles v. McCullough, 1 Bin. 77; Lyell v. Goodwin, 4 McLean, 29.

CARPENTER, District Judge. This is an action at law, originally brought by writ of summons from the superior court of the commonwealth of Massachusetts for the county of Hampden, sued out by the plaintiff, a corporation of Massachusetts, against the defendant, who is a citizen of Vermont. The action was by the defendant removed into this court, and is now heard on his plea in abatement, as follows:

"And now comes the defendant, and moves that said writ and action may abate for the following reasons: The plaintiff's process was served upon this defendant in the state of Massachusetts, and not out of said state; and at the time of the service of the plaintiff's process upon him in this action the defendant was a citizen of the state of Vermont, and was traveling through the state of Massachusetts from his home and residence in Windsor, in the state of Vermont, to Hartford, in the state of Connecticut, at the request and on the procurement of a citizen of Massachusetts, for the purpose of testifying as a witness in a suit then pending in behalf of said citizen of Massachusetts in the superior court for Hartford county, Connecticut, in behalf of said citizen, and for no other purpose whatsoever; and that the service made upon the defendant in this action while so traveling was illegal, and that by said illegal service this court acquired no jurisdiction of the defendant; and the defendant avers that no other or different service of the process in this action was ever made upon him than aforesaid, and that he, the defendant, never accepted service of said process."

To this plea the plaintiff has filed a reply, wherein he traverses the plea, and also demurs to the same, and both issues have been heard by the court under the written agreement of the parties.

I find on the evidence that the allegations of the plea are true, and the question now to be determined is whether the service so made on the defendant was illegal. The defendant makes two points. The first is that the process herein is an interference with intercourse or commerce among the several states, the exclusive power to regulate which is devolved on the national government; and he cites Crandall v. Nevada, 6 Wall. 35; Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. Rep. 681; Lyng v. Michigan, 135 U. S. 161, 10 Sup. Ct. Rep. 725; In re Rahrer, 140 U. S. 545, 11 Sup. Ct. Rep. 865; and Crutcher v. Kentucky, 141 U. S. 47, 11 Sup. Ct. Rep. 851. These cases seem to me only to decide that a state may not lay a tax on passengers passing through the state, and may not in certain cases forbid the sale of goods brought into the state, otherwise lawfully, from another state, nor forbid them to be brought in. They go on the ground that such enactments, if permissible, might be so framed as to restrict or to prohibit the right of transit and the right of commerce between the states. I do not see any analogous result, or any result inconsistent with the rights of the citizen or the powers of the national government, which will follow if the states be held competent to extend the civil jurisdiction of their courts of justice to all citizens of the United States

who may be found within the states where such courts are established.

The second contention of the defendant is that the service of this writ is in violation of the policy of the law which exempts from service parties and witnesses going to and from court on the business of the court. An examination of the cases shows that it has been held that parties to a suit are exempt from arrest, and in some cases from suit by summons, while within the jurisdiction of the court on the business of the court, and that this exemption has in some cases been extended to witnesses. In none of them, however, has it been held that a party or witness is exempt from service in any other jurisdiction than that in which his attendance as a party or as a witness is required. I cannot see any reason for further extending this rule. It is established by courts to protect their own process and their own suitors, by the assurance that the court in which the party has brought his action, or into which he has been summoned, or into which the witness has been summoned, will not permit its own process, or that of other courts in the same jurisdiction, in another action, to embarrass the proceedings. It seems to me that evils greater than these sought to be remedied would arise if the courts of one state should assume so to guard and protect all the other courts in the country. The rule is in derogation of common right, and restrains the plaintiff from suing, lest a greater evil may arise than that involved in the temporary suspension of his right to bring his demand into a court of justice having jurisdiction to determine it. The rule, therefore, ought to be extended with great caution; and to extend it beyond the jurisdiction immediately concerned seems to me to be unnecessary and mischievous.

I shall not determine whether the law of the commonwealth of Massachusetts should furnish a pointed rule of decision in this case; but I think it most instructive, to say the least, to observe that the courts of that commonwealth extend the doctrine of exemption only to writs of arrest, and to cases in which the party, and perhaps the witness, is in attendance on, or going to, or returning from, a court of that jurisdiction.

The plea, therefore, must be overruled.