SKINNER & MOUNCE CO., Limited, v. WAITE et al.

(Circuit Court, D. Idaho, N. D.   July, 1907.)

No. 383.

PROCESS—SERVICE—PRIVILEGE DURING ATTENDANCE AT COURT.

A person going into another state as a witness or as a party defendant in a suit therein, either nominally or as a defendant in interest, is exempt from process in such state while he is necessarily attending there in respect to such trial, at least in the absence of a state statute unequivocally abrogating such exemption.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 146.

Following state practice, see notes to O'Connell v. Reed, 5 C. C. A. 599; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 393.]

On Motion to Quash and Vacate Service of Summons.

George W. Tannahill and S. O. Tannahill, for plaintiff.

James E. Babb, for defendant Waite.

DIETRICH, District Judge. The defendant Waite never resided in the state of Idaho, but at all times referred to in the record was a resident of the city of Portland, in the state of Oregon. He owned real estate in Nez Perce county, Idaho, the title to which he conveyed to the·defendant Burns as security for a loan. This suit was commenced in the state district court of Nez Perce county to recover from the defendants $2,500 alleged to be due to the plaintiff on account of commission for the sale of this real estate. No service was made on Burns. Waite, having been served with process in Nez Perce county, appeared specially for the purpose of removing the cause to this court, and also for the purpose of quashing the service of summons.

It seems that the plaintiff is an Idaho corporation, engaged in the real estate brokerage business at Lewiston, Idaho; and it claims that the defendants listed with it for sale the real estate referred to, and that it procured a purchaser, but after it had procured such purchaser the defendants declined to convey the property to him and transferred the same to other parties. Thereupon the purchaser brought suit in the state district court against Walter J. Burns and his wife, Mary C. Burns, and the parties to whom the property was conveyed, to enforce specific performance of a contract alleged to have been made with the purchaser to convey the property to him. Waite was not made a party to the suit, but by notice the defendants demanded that he appear and defend their title to the property. Responding to this notice, Waite came to Lewiston to participate in the trial, and after coming into the state he was served with a subpœna requiring him to attend and testify as a witness upon behalf of the defendants. During the

course of the trial and after the subpœna had been served, summons in this action was served upon him while he was in the courtroom. The contention presented by his motion to quash the service of summons is that Waite was exempt from service by reason of the fact that he came into the state virtually as a defendant, and for the purpose of making a defense in a suit to which he was a party in interest, and, further, because he was being held in the state by the subpœna requiring him to be present as a witness.

No question is made by the plaintiff that the cause has been properly removed to this court, or that the objection to the service of summons was made seasonably and in a proper manner; nor is it claimed that the defendant came into Idaho for any other purpose than to participate in the trial of the action in the state court, or that he transacted any other business in the state, or that he remained in the state longer than was required after the subpœna was served upon him. As I understand the position of counsel for the plaintiff, it is tacitly, if not expressly, conceded that, however diverse the decisions of the state courts may be, the rule in the federal courts, almost without exception, is that a person going into another state as a witness or as a party to attend upon a trial of a cause is exempt from process in such state while he is necessarily attending there in respect to such trial.

The only case from a federal jurisdiction cited upon behalf of the plaintiff and supposed to support the validity of the service under consideration is Iron Dyke Copper Min. Co. v. Iron Dyke R. Co. et al. (C. C.) 132 Fed. 208. The contention of the defendants in that case was that "their presence was necessary as plaintiffs and witnesses," and that, therefore, they were exempt from service. The plaintiff "contended, against the motion, that this exemption only exists in favor of witnesses, and that it does not exist in any case in favor of the plaintiff." It will thus be seen that it was conceded by both parties that the exemption exists in favor of witnesses for the defendant, and the contention was over the application of the rule to the case of a plaintiff. But the court declined to consider the question in dispute, for the reason, as the court stated, that:

"It appears that these defendants organized a corporation and made surveys for the purpose of acquiring valuable franchises, in violation, as alleged, of the right of the Iron Dyke Copper Mining Company, and that they were so engaged at the time of the service upon them. In such a case the defendants are not entitled to plead the exemption claimed for them."

And this is in accordance with a general exception that, where persons entitled to the exemption lay aside their character of parties or witnesses and engage in transactions giving rise to the institution of actions against them by third parties, they are deemed to have waived the privilege which they might otherwise claim.

It is apparently attempted to bring this case within the general exception thus stated by suggesting that this action grew out of the issues involved in the case which the defendant Waite was attending at the time of the service of summons, and by further suggesting that the defendant was in the state of Idaho as a witness in furtherance of

the wrong for which the plaintiff sues in this action. But I am not able to fully appreciate the bearing or force of these suggestions. Upon the showing made by the record, I cannot see how the success or failure of the plaintiff in that case could affect the cause of action set forth in the complaint in this suit. If, as alleged in the complaint, the defendants Waite and Burns entered into an agreement with the plaintiff by which the plaintiff was to receive 5 per cent. of the selling price if they would find for the defendants a purchaser for the land referred to, and if, as alleged, the plaintiff, pursuant to this agreement, found a purchaser who was able and willing to purchase the land for the price for which the plaintiff was authorized by the defendants to sell it, it would hardly be conceded by the plaintiff that it could not recover from the defendants its commission, after the same was fully earned, because the defendants, in violation of their understanding with the plaintiff, declined to make the sale. If the allegations in the complaint are true, the plaintiff's right of action fully accrued when it found a purchaser who was able and willing to purchase the property at the price for which the defendants had authorized the sale, and its right to recover could not be made to depend on the adjudication of the issues in the suit brought by the purchaser for specific performance.

In the following federal cases the general rule of exemption is stated in various forms and is applicable to these circumstances: Parker v. Hotchkiss, 1 Wall. Jr. 269; Fed. Cas. No. 10,739; Lyell v. Goodwin, 4 McLean, 29, Fed. Cas. No. 8,616; Brooks v. Farwell (C. C.) 4 Fed. 166; Plimpton v. Winslow (C. C.) 9 Fed. 365; Atchinson v. Morris (C. C.) 11 Fed. 582; Nichols v. Horton (C. C.) 14 Fed. 327; Small v. Montgomery (C. C.) 23 Fed. 707; Kauffman v. Kennedy (C. C.) 25 Fed. 785; Ex parte Schulenberg (C. C.) 25 Fed. 211; Holyoke Co. v. Ambden, 55 Fed. 593, 21 L. R. A. 319; Kinne v. Lant (C. C.) 68 Fed. 436; Hale v. Wharton (C. C.) 73 Fed. 739; Morrow v. Dudley (D. C.) 144 Fed. 441.

Five cases from state courts are cited in support of plaintiff's position—one from Illinois, two from Indiana, one from California, and one from Idaho. No useful purpose would be subserved by an attempt on my part to collocate or classify or distinguish the decisions upon this subject from the state courts. It must be conceded that they are hopelessly in conflict; and I think it must be further conceded that the weight of authority is in harmony with the rule followed by the federal courts. It is proper, however, that I should refer to the case decided by the Supreme Court of Idaho and relied upon by the plaintiff, namely, Guynn v. McDaneld, 43 Pac. 74, 4 Idaho, 605, 95 Am. St. Rep. 158. There the court held that McDaneld, who was a nonresident of the state, while attending the United States Circuit Court in Idaho as plaintiff in a suit brought by him against Guynn, a resident of Idaho, was not exempt from service of a summons in an action commenced by Guynn against him in the state district court. The court, through Mr. Justice Huston, says:

"The only question before us is: Is a nonresident plaintiff exempt from service of summons in a civil suit while in attendance upon court within this

state as plaintiff. This question has frequently been before the courts of this country, both state and federal; and, while there has been a pretty general uniformity in the decisions of the federal courts, those in state courts have been almost distractingly variant."

While in general language dissent from what is conceded to be the doctrine of a majority of the cases is expressed, still it would seem, from the reasoning and illustrations used in the course of the opinion, that it was intended to confine the decision to the facts of the case, and to hold merely that the rule would not be recognized as exempting a nonresident plaintiff who is "in attendance upon a court within this state as a plaintiff." This appears from the language above quoted, and it further appears from other parts of the decision. For instance:

"The nonresident has sued his debtor in a forum selected by himself wherein to enforce his claimed rights, but he will not submit to have the claim of his debtor adjudicated in the same forum."

Under some circumstances, at least, there would appear to be a material distinction between the right of exemption of one who of choice goes into a jurisdiction for the purpose of enforcing a claim and the right of one who is compelled to come into a foreign jurisdiction to protect himself against a claim which is being made upon him in a suit to which he is defendant. Judge Huston also quotes from and makes a vague reference to section 4123 and 4143 of the Revised Statutes of 1887 of Idaho; but it is not at all clear that they were intended to be made the basis of the decision. While it may be that the court was influenced somewhat by these statutory provisions, the conclusion reached is neither by express language nor by fair implication made to depend thereon; and if the view was entertained that, whatever the general rule of law might be, these sections authorized the service of process under the circumstances disclosed by the record, it is difficult to perceive the pertinency of the discussion indulged in by the court, or to understand why it should have stated that, while the majority of the decisions were to the contrary, it was comforted by the reflection that in the position which it had taken it had the support and concurrence of many of the most highly esteemed courts of the country. If, in the judgment of the court, the service in question was authorized by the statutes of the state, there was reason neither to express dissent from the rule conceded as prevailing in the federal courts and in a majority of the state courts where there are no pertinent statutory provisions, nor to seek comfort in the concurrence of courts which refuse to recognize the rule, even where there has been no legislation.

Upon behalf of the defendant it is suggested that, whatever view may be taken of the scope of the decision, it could, at most, be regarded as only persuasive, and that it is my duty to follow the general rule as recognized in the federal courts; and in support of the proposition my attention is called to the elaborate and very able discussion of the precise question in the case of Hale v. Wharton (C. C.) 73 Fed. 739, opinion by Judge Philips. No material distinction can be drawn between the circumstances of that case and this, even if it be

assumed that in the Guynn-McDaneld Case the Idaho Supreme Court based its decision upon a construction of the statutes referred to, and it is there held that where an action is brought in a state court, and personal service is made upon the defendant while he is within the territorial jurisdiction of the court in the mode prescribed by the statutes as construed by the highest court of that state, the defendant can, after removing the cause to the federal court, successfully move to quash and vacate service of summons by invoking the general rule under consideration. While not questioning that the rule is well founded in reason and embodies a wise judicial policy, I am not convinced, as seems to be held in this case, that the immunity thus furnished to parties and witnesses is such a constitutional or natural right that it can be neither taken away nor impaired by legislative enactment or judicial construction, and that the rule belongs so exclusively to the domain of general jurisprudence that the federal courts may exercise their independent judgment, in disregard of the action of state Legislatures and state courts.

But whether the exemption is a mere matter of judicial expediency, or whether it inheres in the fundamental principles of justice, is, in my view of the case, unnecessary for me to determine at this time. Assuming, but not deciding, that it is not a principle, but a mere policy, and that it may be set aside by legislative enactment, and that the federal courts are bound by state legislation and the construction placed thereon by the state courts, what should be my conclusion in the premises? If there is no controlling statute, the prevailing rule in the federal courts, with which I am in accord, requires that I grant the motion. Turning to the Idaho statutes and exercising my independent judgment, after a most earnest consideration, I must confess that I am utterly unable to see how either section referred to has any application to or bearing upon the question under consideration. Section 4123 is found in a chapter concerned exclusively with the place of trial of civil actions. There is no attempt to prescribe the mode of service, or to designate the place of service, or to enumerate the persons or classes of persons upon whom service may be made, or to prescribe or limit the conditions of service. Section 4143, especially the first sentence thereof, to which reference is made in the Guynn-McDaneld Case, only provides by whom the service may be made. There seems to be no purpose to prescribe the conditions or circumstances under which a valid service may be made, or to designate the person upon whom summons may be served. It is simply provided that within his county a sheriff may serve process, and that other persons, with certain qualifications, may make such service anywhere. Being unable to construe these statutes as evincing an intention on the part of the Legislature to modify or abrogate the general rule of exemption, it is my plain duty, in the absence of an unequivocal construction to that effect by the Supreme Court of the state, to give force and effect to the general rule recognized in federal jurisdictions.

The motion will therefore be allowed.