821 FEISTER V. HULICK

---

## FEISTER v. HULICK.

(District Court, E. D. Pennsylvania. January 19, 1916.)

No. 3824.

1. REMOVAL OF CAUSES ⚖➡112—PROCEEDINGS AFTER REMOVAL—WAIVER OF OBJECTIONS.

While it would seem that a petition for removal of a cause from a state to a federal court might be deemed an admission of service of process, or a waiver of such a defense, it is settled that such is not the case, and that defendant may raise any question which might have been raised, had the writ issued from the court to which the cause is removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238; Dec. Dig. ⚖➡112.]

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. REMOVAL OF CAUSES ⊙⟿114—PROCEEDINGS AFTER REMOVAL—EFFECT OF PROCEEDINGS BEFORE REMOVAL.

The right to immunity from the service of process in a cause removed from a state to a federal court must be determined independently of any view which the state court might entertain.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 241–244; Dec. Dig. ⊙⟿114.]

3. PROCESS ⊙⟿118—IMMUNITIES—ATTENDANCE AT COURT.

A nonresident of the city of Philadelphia was arrested in that city and held to answer before a coroner's jury of inquest, by which he was discharged. As he left the building in which the inquest was held, he was served with a summons in a civil case. *Held*, that the circumstances were such as to render him immune from service, and the service should be set aside.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 146; Dec. Dig. ⊙⟿118.]

At Law. Trespass by Mary R. Feister against George C. Hulick. On rule to set aside service of summons. Rule made absolute.

A. W. Sanson, of Philadelphia, Pa., for plaintiff.

W. Heyward Myers, Jr., and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. An outline statement of the facts necessary to an understanding of the questions involved in the case as presented under the present rule is this. The defendant, who is a nonresident of the city of Philadelphia, was the driver of an automobile which struck and killed the husband of the plaintiff. The defendant was arrested and held to answer before a coroner's jury of inquest. He attended the inquest and was discharged. After he had left the building in which the inquest was held he was served with a summons in the present case, which had issued out of one of the courts of common pleas in and for the county of Philadelphia. The cause being within the removal acts of Congress was duly removed into this court. The rule to set aside the service was here entered. The practical condition which confronts us is this: Each of the parties, as is to be expected, seeks to secure the advantage of having the cause tried within his home jurisdiction, and to avoid the inconveniences at least, and the possible disadvantages, of having it tried in what is to him a foreign jurisdiction. The question is therefore to be determined as one of strict right.

It is clear that a court issuing a writ cannot try the cause unless it has jurisdiction of the person of the defendant. As the process was served upon the defendant within the territorial limits of such jurisdiction, the court has jurisdiction of the person of the defendant unless his presence within the county was under circumstances which made him immune from the service of process. The defendant asserts this latter conclusion to follow the facts. Immunity from arrest, or service of process, does not, in cases of this kind, flow from any privilege of the defendant. It is the consequence of the application of a legal principle, the benefit of which a particular defendant happens to get. The principle is founded upon a policy of the law and the

recognition of a legal doctrine. It is part of the policy of the courts to brook no interference with their efforts to administer justice. It is the policy of the law that each court shall render to every other court the at least negative aid of not interfering with its administration of justice. Out of the enforcement of this policy has sprung the doctrine of comity. No court will direct its process to be served upon litigants before another court where it would protect its own litigants from a like service. Every court will aid every other court by permitting attendance upon one free from the danger of service of process by another. All courts recognize this principle of immunity involved. They do not, however, give it the same application. Some apply it under circumstances where others do not. Out of this arises a secondary question.

We have, therefore, in this case three questions. One is whether the service here was permissible under the principle as applied by the courts of the United States. The second is whether the service would be held to be a good service by the courts of Pennsylvania. The third is: If the service would be upheld by the court issuing the writ, will this court set it aside after removal proceedings?

[1] The motive behind the constitutional provision giving the courts of the United States jurisdiction of controversies between citizens of different states and removing such controversies from the state courts is to assure a trial free from any local prejudices which may possibly exist. It would therefore seem out of place to remove a cause for the purpose of assuring a fair trial and then deny the right of trial. The causes which may be removed are causes which might have been tried in the state court. This assumes the cause to be a pending one. If there has been no service of process, the cause is not pending in the trial sense. The petition for removal might therefore be deemed an admission of service or a waiver of such a defense. The point, however, has been flatly ruled, and such a question is not now an open one. The defendant may raise any question which might have been raised, had the writ issued from that court to which the cause has been removed. Wabash v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431.

[2, 3] It follows from this that the question of service must be determined independently of any view which the state court may entertain. This resolves the whole question into the one of whether the courts of the United States will uphold a service made under the circumstances of this case. We feel constrained under the authority of the following cases to hold that the service as made should be set aside, and as no question of a general appearance is raised, and the principle, as applied in the courts of the United States, is seemingly admitted, the rule to set aside the service is made absolute. Dwelle v. Allen (D. C.) 193 Fed. 546; Kauffman v. Kennedy (C. C.) 25 Fed. 785; Stratton v. Hughes (D. C.) 211 Fed. 557; Roschynialski v. Hale (D. C.) 201 Fed. 1017; Kauffman v. Garner (C. C.) 173 Fed. 550; Skinner v. Waite (C. C.) 155 Fed. 828; Hale v. Wharton (C. C.) 73 Fed. 740.

The distinction recognized in Pennsylvania and in some of the other state jurisdictions, under which service of process upon persons

in custody upon criminal charges is upheld, is repudiated by the courts of the United States. It would seem to have a basis which they do not allow. Cases in which attendance is absolutely compulsory, as in arrest cases, can well be said to be outside of the reasons for granting immunity. The rule in the United States courts is, however, too firmly established to be disregarded, and the cases cited dispose of the questions raised.

