in custody upon criminal charges is upheld, is repudiated by the courts of the United States. It would seem to have a basis which they do not allow. Cases in which attendance is absolutely compulsory, as in arrest cases, can well be said to be outside of the reasons for granting immunity. The rule in the United States courts is, however, too firmly established to be disregarded, and the cases cited dispose of the questions raised.

---

### FEISTER v. MILLS.

(District Court, E. D. Pennsylvania. January 19, 1916.)

No. 3826.

At Law. Trespass by Mary R. Feister against J. W. Mills. On rule to set aside service of writ of summons. Rule made absolute.

A. W. Sanson, of Philadelphia, Pa., for plaintiff.

W. Heyward Myers, Jr., and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The question involved in this case is discussed and ruled in the case of Feister v. Hulick (D. C.) 228 Fed. 821.

The rule is made absolute.

---

### TRANA et ux. v. CHICAGO, M. & P. S. RY. CO. et al.

### MARSTON v. SAME.

(District Court, W. D. Washington, N. D. December, 1915.)

Nos. 3087, 3088.

1. REMOVAL OF CAUSES ⊜⟶61—DETERMINATION OF RIGHT OF REMOVAL.
   In determining whether a suit is removable to a federal court, the cause of action is the subject of the controversy, and is whatever plaintiff declares it to be in his complaint; but where fraudulent joinder is charged, and issue is taken upon the charge made in the petition, the issues thus raised form the basis for determining the removability of the suit.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. ⊜⟶61.]

2. REMOVAL OF CAUSES ⊜⟶107—DETERMINATION OF RIGHT OF REMOVAL.
   When, in a suit sought to be removed to a federal court, fraudulent joinder of defendants is charged, and issue is taken upon the charge made in the petition, the issue must be determined by the federal court.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ⊜⟶107.]

3. REMOVAL OF CAUSES ⊜⟶49—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.
   Rem. & Bal. Code Wash. § 296, provides that plaintiff may unite several causes of action when they all arise out of contract, express or implied, or injuries, with or without force, to the person, etc. Rev. St. § 914 (Comp. St. 1913, § 1537), provides that the practice, pleadings, and forms and modes of proceeding in civil causes shall conform as near as may be to the practice, etc., in the state courts. In an action against a Washington railroad corporation for the death of a person to whom such corporation sustained no contractual relation, plaintiff joined as defendant

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes