CENTRAL RY. SIGNAL CO. et al. v. JACKSON.

(District Court, E. D. Pennsylvania. January 3, 1917.)

PROCESS ⬤120—PRIVILEGES AND EXEMPTIONS—ATTENDANCE AS WITNESS.

Under the rule of the federal courts, a person who has come into a jurisdiction which is foreign to him to attend upon proceedings there being conducted, as by giving his testimony as a witness either in court or by deposition is protected from service of process while so attending, and in going to and returning from the same.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 150; Dec. Dig. ⬤120.]

In Equity. Suit by the Central Railway Signal Company and another against George B. Jackson. Sur rule to strike off return of service of subpœna. Rule made absolute.

Wm. Steell Jackson, of Philadelphia, Pa., for plaintiffs.
Howson & Howson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The defendant invokes no right of his own. At the most he becomes the beneficiary, through receiving the practical benefits, of a rule of policy followed by the courts when deemed applicable. The rule is that no court will brook unwarranted interference by others with the orderly process of judicial proceedings before it. It recognizes the necessity for the enforcement of a like rule by other courts. It therefore applies the doctrine of comity, at least to the extent that it will not sanction the use of its process to interfere with what another court is seeking to do where, under like circumstances, it would not suffer its own proceedings to be hampered by the interference of others. In short, the principle is to voluntarily accord to others what you would insist upon as your right to receive from others. An important duty of the court in every proceeding before it is to have the facts fully developed. These often can be established only through the testimony of witnesses. Out of this grow two duties and correlative rights:

One is to render aid to another court in securing evidence from the testimony of witnesses, and the right to expect that like aid and assistance will be rendered by another court. Out of this has sprung the practice of issuing letters rogatory and subpœnas to assist in the taking of testimony outside of the jurisdiction of the court in which the evidence is to be offered. This practice is facilitated and enforced sometimes through the adoption of rules by the courts and sometimes by statutes. Another is to protect parties and witnesses by securing to them immunity from the service of process while in attendance upon the court and in going and returning. The policy of thus promoting attendance upon the court is obvious. Out of this has sprung the practice of a resort to even the drastic procedure of contempt process where the interference affects the court, and of setting aside the service of its own process where the interference is with the work of other courts. The general guiding principle is thus clear enough, but because of its generality there can be no very hard and fast rule in its application to the facts of a particular case. The rule is neither a whimsical nor a

purely abstract one. It has a practical purpose and should be given a practical application.

Where nothing more is gained than a formal acknowledgment of a theoretical right, compliance with the rule may not be enforced. If, for instance, a defendant is served within his home jurisdiction, where he is open to service, to set it aside merely because he happened to be encountered by the process server when going to or returning from court would be to make of the rule a mere formality. To take advantage of the presence of a defendant in a foreign jurisdiction, where he had gone simply to facilitate the work of the court, would call for all the protection which the court could give him, or the very policy back of the rule would be defeated.

This brings us to the facts of the present case. The defendant was concerned with a patent application pending before the patent examiner. His testimony was thought to be important, and it was arranged to take it by depositions before a notary public in Philadelphia. The subpœna and bill in the present case were served during the taking of the deposition. Affidavits have been submitted in answer to the present rule for the purpose of showing the domicile of the defendant to have been here and this to be his home jurisdiction. There is no averment, however, of a present residence here, and no denial that he came into this jurisdiction solely to attend at a hearing here and to testify. The weight of precedent seems to incline toward setting aside the service. The following cases in the courts of the United States may be considered typical: Bridges v. Sheldon (C. C.) 7 Fed. 17; Atchison v. Morris (C. C.) 11 Fed. 582; Nichols v. Horton (C. C.) 14 Fed. 327; Wilson v. Wilson (C. C.) 22 Fed. 803; Kauffman v. Kennedy (C. C.) 25 Fed. 785; Holyoke v. Ambden (C. C.) 55 Fed. 593, 21 L. R. A. 319; Hale v. Wharton (C. C.) 73 Fed. 740; Skinner v. Waite, (C. C.) 155 Fed. 828; Kauffman v. Garner (C. C.) 173 Fed. 550; Roschynialski v. Hale (D. C.) 201 Fed. 1017; Stratton v. Hughes (D. C.) 211 Fed. 557. To these may be added the citation of Feister v. Hulick (D. C.) 228 Fed. 821, in this jurisdiction.

From these it may be gathered that witnesses in criminal cases will be given the benefit of the rule, and that the federal courts (contrary to the policy of some of the state courts) extend protection to defendants under arrest in criminal cases. Protection is extended also to nonresident plaintiffs attending the trial of their cases, although the courts of the state in which the service was had would uphold it. A nonresident witness or party defendant, who is in the jurisdiction when served, for the purpose of attending the trial of his case, is immune from the service of process; also a nonresident witness, although he did not in fact testify; also those attending the taking of depositions before a notary public; also those attending before a road commissioner. Service may, however, be made in a state through which the party served is traveling, although going to attend a trial. Service may be had for a cause of action arising out of the act of the party served while within the jurisdiction in which served. The service of process upon a party or witness while in attendance on the court will be deemed a contempt, even although related to the same cause of action as that on trial.

It will be observed that in every case in which the service has been set aside the party served was a nonresident, and his protection necessary to the upholding of the policy of the law, and that the rule has been relaxed where the party served was not strictly, although substantially, within the rule and the policy intended to be enforced. The only respect in which the rule has not been enforced with an eye single to the advancement of its policy is in extending its protection to parties under arrest in criminal cases. There does not seem to be a case in which the rule has been applied in favor of parties served within the jurisdiction in which they resided. It is, of course, possible that this may be due to the fact that the question was not worth raising because service could easily be made which was not open to objection.

Holyoke v. Ambden (D. C.) 55 Fed. 593, 21 L. R. A. 319, is, however, significant of a purpose to restrict the rule. The only reason in sight for not there applying is the rather selfish one indicated, and much can be said in support of the rulings in some of the state courts which have refused to follow the Holyoke Case.

The present rule has been argued in a most openminded and frank spirit. The doctrine of immunity from service is admitted by counsel for plaintiff in all its fullness, and the principle to apply unless the defendant be within the recognized exceptions. Those advanced are three, two of which, at least to some extent, blend into each other. One is that a defendant cannot claim immunity where the proceeding in which he appears is related to that in which he is served in such way that the latter may be deemed appellate with respect to the former. The application of this principle is this. The defendant appeared in a proceeding, the purpose of which was to determine his right to letters patent for an alleged invention. The proceeding in which he was served was instituted for the purpose of charging him with the infringement of letters patent held by the plaintiff for the same invention. The latter, therefore, involves a review of what may be done in the first, and is because of this claimed to be in substance, if not in form, appellate. The principle invoked seems to be recognized by some of the state courts, but not by the federal rulings cited.

The exception to the rule of immunity is limited by the federal courts to liability to service in an action, the cause of which arose while the defendant was in the foreign jurisdiction, and does not include a cause of action which is related to the proceeding which brought the defendant within the jurisdiction. Another exception urged is that the principle of comity will not be extended when the effect of it will be to hamper the exercise of a jurisdiction which the court issuing the process feels it should exercise. Illustrations of this appear in the cases cited. One is afforded by those which rule that the party served cannot claim immunity from process issued to right a wrong which the defendant has done while within the jurisdiction in which served because this would be an injustice to the plaintiff. Another is the ruling that process may be served on one passing through a jurisdiction because this is recognized as the right of the plaintiff. This principle of exception blends into the further one urged that where the court issuing the process has such juris-

diction of the subject-matter as that it is the proper jurisdiction in which to have the case determined, and that this jurisdiction for its exercise lacks only jurisdiction of the person of the defendant through notice to him, the defendant will not be granted immunity because within the jurisdiction in attendance in another case. As applied to the facts of this case the exception may be best presented through the supposititious one of a defendant keeping out of his home jurisdiction for the purpose of avoiding service of process. Further illustrations of this are given in those rulings of some of the state courts that a defendant may be served in scire facias proceedings to revive judgments already entered. Such cases present both stronger and weaker reasons for refusing immunity than the case at bar—stronger, because there held to apply to nonresident defendants; weaker, because there the action could be brought in no other jurisdiction. The suggested principles of exception to the general rule are only remotely, if at all, applicable in the present case, because the process here could properly issue in any jurisdiction in which the defendant could be served.

If the present defendant is amenable to service, it must be on the broad ground that this is his home jurisdiction, and because of this there can be no finding that he was here solely for the purpose of attending before the notary public, and therefore not within the spirit or reason of the rule, and that the policy of the law behind it would not be promoted by extending it to him nor the policy defeated by denying immunity to him. This is fortified by the disposition of the courts not to be overeager in aiding defendants to avoid the service of process to which they ought to submit.

This brings us to the simple inquiry of whether this defendant has brought himself within the protection of the rule, the proper statement of which is this: To promote the unhampered proceedings of the courts, any person who has come into a jurisdiction, which is foreign to him, to attend upon proceedings there being conducted, will be protected from service of process while so attending, and in going to and returning from the same.

The averments of the petition bring the defendant squarely within the protection of the rule as stated. Neither the answer to the petition nor any of the answering affidavits contest the essential feature of the facts, to wit, that the defendant came into the jurisdiction solely to testify.

The rule to set aside the service is made absolute.