### BRAMWELL, State Superintendent of Banks, v. OWEN.

(District Court, D. Oregon. October 22, 1921.)

No. L–8798.

1. **Removal of causes ⬯79(2)—Not permitted on defendant's petition filed after expiration of time to plead.**

   Removal from state to federal court, on defendant's petition filed after expiration of period given defendant in which to answer or plead, cannot be sustained.

2. **Judgment ⬯17(9)—Void where service is void and defendant has not voluntarily appeared.**

   A void service of summons is the same as if none had been had, and a judgment against the defendant is void, unless he has appeared and voluntarily submitted himself to the court's jurisdiction.

3. **Appearance ⬯9(3)—To move to quash service gave court no jurisdiction, except to pass on motion.**

   Where service of process on defendant was void, defendant's special appearance to move to quash service gave court no jurisdiction, except to pass on the motion to quash.

4. **Appearance ⬯9(6)—Filing of petition for removal not general appearance.**

   The filing of a petition for removal to federal court is not the equivalent of a general appearance.

5. **Removal of causes ⬯79(2)—Defendant not required to plead or answer as a condition to removal.**

   A defendant is not required to plead or answer as a condition to removal from state to federal court.

6. **Removal of causes ⬯79(1)—Time for filing petition for removal runs from valid service of summons.**

   The time within which a defendant is required to file petition for removal to federal court does not begin to run until there has been a valid service of summons.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Removal of causes ⏤79(1)—May be granted during pendency of motion to quash service of summons.**

The cause may be removed from a state to a federal court while a motion is pending to quash the service of summons, or after the motion has been denied, and a reargument on the motion to quash has been granted, in which event the case stands as though the motion was still pending and undecided.

**8. Removal of causes ⏤114—State court's order overruling motion to quash not res judicata as to validity of service in federal court.**

State court's order overruling motion to quash is not res judicata as to validity of service in the federal court after removal thereto.

**9. Extradition ⏤21—Right of asylum pertaining to extradition from a foreign country does not obtain as between the states.**

The right of asylum pertaining to extradition from a foreign country under the federal Constitution and the laws of Congress does not obtain as between the states.

**10. Process ⏤118—Persons in attendance on court exempt from service of process.**

Persons while in attendance on the court in civil actions, whether as witnesses or suitors, are exempt from the service of process on them, whether civil or criminal.

**11. Extradition ⏤41—One extradited exempt from service of process.**

One who has been brought into a state by extradition proceedings to answer in a criminal action pending against him is exempt from service of process in such state.

At Law. Action by Frank C. Bramwell, Superintendent of Banks of the State of Oregon, against C. H. Owen, brought in a state court. On plaintiff's motion to remand cause to state court, and defendant's motion to quash service of summons. Motion to remand denied, motion to quash service of summons sustained, and cause dismissed.

G. M. Roberts, of Medford, Or., for plaintiff.
Reames & Reames, of Medford, Or., for defendant.

WOLVERTON, District Judge. This cause is here by removal from the circuit court of the state of Oregon for Jackson county. The plaintiff has moved the court to remand the cause to the state court. The complaint was filed April 12, 1921, and on the same day the summons was delivered to the sheriff of Jackson county for service, and by him served within the county, upon the defendant personally, and in person.

On April 22, 1921, the defendant, appearing specially, moved in the state court to quash the service of summons, on the ground that he had been brought into the state from the state of Utah, by extradition proceedings, to answer in a criminal action instituted and then pending against him, by indictment charging him with aiding and abetting a cashier of a bank to injure and defraud the bank. This motion was brought on for hearing in due time, and, after consideration by the court, was on May 14th denied. On May 19th plaintiff moved the court for an order of default and judgment against defendant.

On the same day the defendant interposed a motion for reargument of the motion to quash. This latter motion was allowed, and while it was pending, namely, on May 19th, the defendant filed his petition for

removal of the cause to this court, and in pursuance thereof the removal was had. On June 17, 1921, the defendant, again appearing specially, moved in this court to quash the service of summons. The questions presented on the motion to remand arise on this record.

It is first insisted that the defendant failed to file his petition for removal within the time allowed to plead or answer to the complaint in the state court, and therefore that the cause should be remanded. To this the defendant makes answer that no valid service of summons has ever been had upon him, and, the service being void, his time for pleading or answering to the complaint has not even begun to run.

The action is transitory in character, being for recovery upon two promissory notes, and for money had and received to defendant's use and benefit, and, under the Oregon statute (sections 44 and 45, L. O. L.), may be instituted and service had upon the defendant in the county where he resides or may be found. An action is deemed to have been commenced against a defendant when the complaint is filed and the summons served upon him; and, if served within the county where commenced, he is required to answer or plead to the complaint within 10 days, or, if in any other county in the state, within 20 days. Sections 14 and 52, L. O. L. An attempt to commence an action is the equivalent of commencement, when the complaint is filed and the summons delivered to the proper officer with intent that it shall be actually served. Section 15, L. O. L.

Waiving for the present the question whether or not the service of summons is void, we will inquire whether, within the federal removal statutes, the defendant was required, assuming it to be void, to answer or plead to the complaint filed herein. More than 10 days had expired between the time of the attempted service and the filing of the petition for removal.

[1-4] If the service was good, there can be no doubt that the removal cannot be sustained. A void service is as if none had been had, and any judgment rendered by the court in the action against the defendant, unless he has appeared and voluntarily submitted himself to its jurisdiction, would be alike void and nugatory. The cause, however, had been commenced, and he had the right to appear generally or specially. He appeared specially, for testing the validity of the service. This gave the court no authority for rendering judgment against him, except to pass upon the motion to quash. The filing of the petition for removal was not the equivalent of a general appearance.

[5, 6] A defendant can never be required to answer or plead to a complaint under a void service of summons; otherwise it might result in the taking of his property without due process of law. He could stand mute, and let the plaintiff take his course, and yet the law would protect him against the further process of the court. Nor does the federal statute require him so to plead or answer as a condition to removal. Indeed, a general appearance would, in itself, defeat the removal. So we must conclude that the time in which a defendant is required to remove his case to the federal court, if he desires to do so, does not begin to run until he has been served with a summons, by a valid service thereof; that is to say, such a service as would re-

quire him to appear in the state court, in default of which a valid judgment could be rendered against him in the cause. As we have seen, however, the cause being pending, he had the right to appear generally or specially, and he had also the further right to remove the cause to this court. Donahue v. Calumet Fire Clay Co. (C. C.) 94 Fed. 23, 27; Tortat v. Hardin Min. & Mfg. Co. (C. C.) 111 Fed. 426; Sullivan v. Lloyd (D. C.) 213 Fed. 275.

[7] It was suggested in argument that, the state court having passed upon the motion to quash the service, the effect of the removal would be to require this court to review the action of the state court, and that the federal court possesses no jurisdiction for that purpose. The state court having granted a reargument on the motion to quash, the case stands on the record as though that motion were still pending and undecided. There can be no valid reason why a cause could not be removed while a motion is pending to quash the service of summons. If pending, and the removal is had, the federal court takes up the proceeding where the state court left off, and the jurisdiction is not appellate, but primary.

[8] But, had the case stood with the motion for reargument of the motion to quash denied by the state court, its order overruling the motion to quash would not have been res judicata on the question of the validity of the service. It has been so held by the Supreme Court. Remington v. Central P. R. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959. The suggestion, therefore, that this court is without proper jurisdiction to entertain the motion to quash cannot be sustained.

This leaves but the one question for decision; that is, whether there was a valid service of the summons. That depends upon whether the defendant was privileged from service by reason of his having been brought into Jackson county from the state of Utah, by virtue of an extradition warrant, to answer in a criminal cause then pending against him in said county.

[9] The privilege sought to be invoked must not be confused with the right of asylum pertaining to extradition from a foreign country. Such right of asylum, under the federal Constitution and the laws of Congress enacted in pursuance thereof, does not obtain as between the states. It therefore has been held that, because of the duty imposed by the Constitution and the Congress upon the states to render up to another state a fugitive from justice, a person brought from one state by extradition warrant into another, to answer in a criminal cause, is not exempt from indictment and trial in the latter state, upon a new and independent charge. Lascelles v. State of Georgia, 148 U. S. 537, 13 Sup. Ct. 687, 37 L. Ed. 549.

The principle thus ascertained and announced is not applicable here, because defendant cannot insist upon the right of asylum in Utah, as against his service in a civil cause. It is the privilege or immunity from such service, while in attendance upon court for answering in the criminal case, that he insists upon. There is no legislative declaration in Oregon, of which I am aware, that deprives the person of such immunity, if it exists, or in any way impinges upon such right. Nor has the state Supreme Court, by any judicial utterance to

this time, determined respecting the right, assuming, but not deciding, that we would be bound by such utterance, if first made. The question must therefore be decided by ascertainment of the general law respecting it.

[10] It should be further stated that defendant's attendance in the criminal action was not in any way induced by fraud or deception. The rule of law that persons, while in attendance of the court in civil actions, whether as witnesses or suitors, are exempt from the service of process upon them, whether civil or criminal, is now settled beyond cavil in the federal courts, and by a great majority of the states of the Union. Hale v. Wharton (C. C.) 73 Fed. 739; Parker v. Hotchkiss, 18 Fed. Cas. 1137, No. 10,739, concurred in by Mr. Justice Grier and Chief Justice Taney, of the Supreme Court.

The rule rests upon the postulate that the service of such process would serve to intimidate and deter persons thus exempt from attendance upon the court, especially when compelled to come from another jurisdiction, or from places far distant from the place of trial, or beyond the reach of subpœna, and would result many times in a failure of justice. The rule is even buttressed upon a broader principle, namely, that it is a privilege of the court as affecting its dignity and authority, and is founded upon sound public policy. Hale v. Wharton, supra; Feister v. Hulick (D. C.) 228 Fed. 821.

Now, while conceding this principle of law, it is urged that it is inapplicable where the party is in attendance upon the court by compulsion, as under an extradition warrant, and the service is in a civil action. The contention is sustained by a number of the state courts, but is denied as unsound in others of equal distinction. See Ex parte Frank Hendersen (1914) 27 N. D. 155, 145 N. W. 574, 51 L. R. A. (N. S.) 328, where many of the diverging authorities are noted.

The principle contended for has never been sustained, so far as I am now advised, in the federal courts. On the other hand, the general rule has been applied in some of the District Courts. United States v. Bridgman, 24 Fed. Cas. 1230, No. 14,645; Kaufman v. Garner (C. C.) 173 Fed. 550; Feister v. Hulick, supra.

[11] The argument that attendance by compulsory process affords a distinction, or bars the immunity, is not, to my mind, persuasive. It would seem that it affords a stronger reason for sustaining the immunity under the general rule.

The motion to remand will be denied, and the motion to quash the service of summons will be sustained, and the complaint dismissed.