The Chief Justice, after stating the case, delivered the opinion of the court as follows :
 

 McKean, Chief Justice.
 

 On the circumstances of this case, two points arise : 1st, Whether the appellant ought to receive any compensation, or not ? And 2d, Whether this court can grant the relief which is claimed ?
 

 Upon the first point, we are to be governed by reason, by the law of nations, and by precedents analogous to the subject before us. The transaction, it must be remembered, happened
 
 flagrante bello;
 
 and many things are lawful in that season, which would not be permitted in a time of peace. The seizure of the property in question, can, indeed, only be justified under this distinction ; for, otherwise, it would clearly have been a trespass ; which, from the very nature of the term,
 
 transgressio,
 
 imports to go beyond what is right. 5 Bac. Abr. 150. It is a rule, however, that it is better to suffer a private mischief, than a public inconvenience ; and the rights of necessity, form a part of our law.
 

 *Of this principle, there are many striking illustrations. If a road be out of repair, a passenger may lawfully go through a private inclosure. 2 Black. Com. 36. So, if a man is assaulted, he may fly through another’s close. 5 Bac. Abr. 173. In time of war, bulwarks may be built on private ground (Dyer 8; Brook., Trespass, 213; 5 Bac. Abr. 175); and the reason assigned is particularly applicable to the present case, because it is for the public safety (20 Vin. Abr., Trespass, B. a, § 4, fo. 476). Thus, also, every man may, of common right, justify the going of his servants or horses, upon the banks of navigable rivers, for towing barges, &c., to whomsoever the right of the soil belongs. 1 Ld. Raym. 725. The pursuit of foxes through another’s ground is allowed, because the destruction of such animals is for the public good. 2 Buls. 62; Cro. Jac. 321. And, as the safety of the people is a law above all others, it is lawful to part affrayers, in the house of another man. Kelyng 46; 5 Bac. Abr. 177; 20 Vin. Abr. fo. 407, § 14. Houses may be razed, to prevent the spreading of fire, because for the publio good. Dyer 36; Rud. L. and Eq. 312; See Puff. lib. 2; c. 6, § 8; Hutch. Mor. Philos, lib. 2, c. 16. We find, indeed, a memorable instance of folly recorded in the 3 vol. of Clarendon’s History, where it is mentioned, that the Lord Mayor of London, in 1666, when that city was on fire, would not give directions for, nor consent to, the pulling down forty wooden houses, or to the removing the furniture, &c., belonging to the lawyers of the temple, then on the circuit, for fear he should be answerable for a trespass ; and in consequence of this conduct, half that great city was burnt.
 

 We are clearly of opinion, that congress might lawfully direct the removal of any articles that were necessary to the maintenance of the continental army, or useful to the enemy, and in danger of falling into their hands; for they were vested with the powers of peace and war, to which this was a natural and necessary incident: and having done it lawfully, there is nothing in the circumstances of the case, which, we think, entitles the appellant to a compensation for the consequent loss.
 

 With respect to the second point: This court ha» authority to confirm
 
 *381
 
 or alter any proceedings that come properly before the comptroller-general; but if he had no jurisdiction, we can have none. It appears, then, that his power is expressly limited to claims “ for services performed, moneys advanced, or articles furnished,” by order of the legislature, or the executive council. And, as he has no right to adjudge a compensation from the state for damages, which individuals may have suffered in the course of our military operations, we are of opinion, that we could grant no relief, even if the aj>pellant was entitled to it.
 

 Bv the Court. — Let the rule be discharged ; and the judgment for the commonwealth be made absolute.