## BROOKS *against* PATTERSON.(*b*)

An attorney of this court who had ceased to practice for a year, and had entered the army of the United States, was held to have lost his privilege.

THIS was an action of *assumpsit*. The declaration was on a promissory note made by the defendant.

The defendant pleaded, that at the time of exhibiting the bill, he was one of the attorneys of thi cour·, and is still an acting attorney, and that attorneys are not, by custom, to answer any bill exhibited against them, as in custody of

(*b*) S. C., C. C. 133.

[*103] the sheriff, but only to bills exhibited against them, *as attorneys, and concluded by praying judgment, if he ought to answer.

The plaintiff replied, that the defendant had, for one year before exhibiting the bill, &c. ceased to practice as an attorney, and for that time had been, and yet was, a captain in the army of the United States. To this replication there was a demurrer and joinder.

*Munro*, for the plaintiff.

*Riker*, for the defendant.

*Per Curiam.* If an attorney ceases to practice for a year, not in consequence of any temporary absence or avocation, but by betaking himself to a profession or business, incompatible with his practice as an attorney, the reason of his privilege ceases. Attendance is the ground and foundation of the privilege. The object is, that attorneys may not be drawn into other courts, or to other business, to the injury of the suitors. (See 2 Wils. 231, 232. 4 Burr. 2113, &c. 1 Vent. 1. 2 Lutw. 1664.) The privilege is that of the court, for the sake of public justice, and is not intended as an accommodation to the individual. Here it appears upon the record, that the defendant had become an officer in the army, and had ceased to practice for a year.

It would be inconvenient, and an abuse of the end of privilege, to allow it in this case, notwithstanding the name of the defendant still remains on the rolls of the court.

We are of opinion, therefore, that judgment must be rendered for the plaintiff.

Judgment for the plaintiff.(*a*)

(*a*) Grah. Prac. 2d ed. 38. In *Ogden* v. *Hughes*, 2 Southard, 718, it was decided that an attorney is privileged from arrest, unless his privilege be taken away by rule, though he do not show that he has acted as attorney within a year. See however, 3 Cowen, 22.