## Case No. 10,739.

### PARKER v. HOTCHKISS.

[1 Wall. Jr. 269.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1849.

#### PRACTICE—PRIVILEGE OF SUITORS.

A suitor in this court, residing without the circuit, is privileged from the service of a summons. The case of Blight v. Fisher [Case No. 1,542], decided by Judge Washington, A. D. 1809, in which his privilege was limited to exemption from arrest, is here overruled.

[Cited in Juneau Bank v. McSpedan, Case No. 7,582; Brooks v. Farwell, 4 Fed. 168; Larned v. Griffin, 12 Fed. 592; Wilson Sewing Mach. Co. v. Wilson, 22 Fed. 804; Ex parte Schulenburg, 25 Fed. 212; U. S. v. Sanborn, 28 Fed. 302; Miner v. Markham, 28 Fed. 392.]

[Cited in Andrews v. Lembeck, 46 Ohio St. 41, 18 N. E. 484; Christian v. Williams, 111 Mo. 437, 20 S. W. 97; Jones v. Knauss, 31 N. J. Eq. 216; Mitchell v. Huron Circuit Judge, 53 Mich. 542, 19 N. W. 176; Palmer v. Rowan, 21 Neb. 452, 456, 458, 32 N. W. 210; Wilson v. Donaldson, 117 Ind. 360, 20 N. E. 251.]

Hotchkiss, the defendant, who resided without this circuit, had been admitted by the court to make defence in a suit between Parker, the present plaintiff, and one Perkins; and he was attending in this city for the purpose of being present at the trial of that case. It was tried at this term, and Parker, having been nonsuited, issued summons on the same day, and served it on Hotchkiss at his lodgings. Mr. Hazlehurst having applied to Judge Kane, who was sitting for the circuit court, to have the service set aside as for a violation of privilege, Mr. Titus, for the plaintiff, contended that according to the well settled practice of this court, the service was perfectly regular. The practice was established by Judge Washington in a solemn decision (Blight v. Fisher [supra], decided A. D. 1809), made more than forty years ago, and which has been acquiesced in and acted upon

by the whole profession since. In that case the position taken by Mr. Hazlehurst was supported by Mr. William Griffith, one of the most acute and learned lawyers of New Jersey, and by Mr. Rawle, of this bar. Their citations were numerous, and no doubt their argument good. Judge Washington took time to examine the books and to consider their arguments. We have a full and written opinion from him on the subject. He decided against the privilege. The very point, therefore, now before this court has been once solemnly adjudged by it. A practice of forty years—embracing two generations of the bar—has never questioned its correctness. Surely this is an answer to all argument and to all learning. If precedents be worth anything, and we are not forever to be laying foundations, some things must be regarded as settled. Both the English law and the law of Pennsylvania were the same then as they are now. They were both known to Judge Washington, both were considered by him, and their value not extenuated. He refused to adopt the state practice. He thought that the state courts had carried privilege too far. He doubted whether their notion that a member of the assembly had a right to have a continuance of his cause as a matter of privilege—a declaration made by them (Geyer's Lessee v. Irwin, 4 Dall. [4 U. S.] 107)—was right: and this court has just decided that his doubts were well founded. Nones v. Edsall [Case No. 10,290].

But if we are now to examine the matter anew, how does it stand? There has been no contempt of court; nothing which has interfered with its functions in any manner or to any degree; no terrour has been inflicted; no withdrawal of any body from its business. The privilege claimed is in derogation of a clear common law, and should rest on the clearest necessity. Cole v. Hawkins, 2 Strange, 1094 (much better reported in Andrews, 275), was a "motion against the attorney for a contempt," and the writ was served whilst "Lee, C. J., was hearing causes, and the defendant was on the steps leading to the court attending his cause, which was just going to be called on." And though the court was of opinion that the service of process in the sight of the court is a great contempt and punishable by attachment, yet Chief Justice Lee says, "It is another consideration whether such execution of a writ be void so that the party shall be discharged." Indeed, it cannot be pretended that the English courts would set aside such a service as this. In Miles v. M'Cullough, 1 Bin. 77, in our own state, the reporter's words are, "The defendant was attending in this court;" and no doubt the process was served in the presence of the court, either constructive or actual. Hayes v. Shields, 2 Yeates, 222, which settles the state practice adversely to the present practice of this court, (and which I admit is in point,) calls to its aid the privilege which in Pennsylvania is extended to politi-

cal functionaries; a privilege which, as declared in that state to exist, this court has denied to be rightly allowed. · Curia advisari vult.

KANE, District Judge. It is said that the practice of this court, since the decision in Blight v. Fisher [supra]. in 1809, has been uniform to discharge in such cases as this, from arrests under capias, but not to set aside the service of a summons. I confess that I have never apprehended the reason of this distinction, and when it was pressed upon me by the counsel for the plaintiff, I did not disguise my reluctance to accede to it. My instinctive respect for all the opinions expressed by Judge Washington, alone made me hesitate.

The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify. Witnesses would be chary of coming within our jurisdiction, and would be exposed to dangerous influences, if they might be punished with a lawsuit for displeasing parties by their testimony; and even parties in interest, whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defence, if they were liable to be visited on the instant with writs from the defeated party.

As the privilege of the court, this incidental immunity to the party can scarcely be the subject of abuse. It can be exercised or not in each particular case, as the purposes of substantial justice may seem to require. Per M'Kean, C. J., in Starret's Case, 1 Dall. [1 U. S.] 357. The suitor or the witness from another jurisdiction may be relieved: he who is at home here amongst us, suffering no inconvenience from the service, may be refused his discharge.

Such have been my views heretofore, derived no doubt in some degree from the long established practice of our state courts, but certainly strengthened by what I have observed since I came upon the bench.

The case of Hayes v. Shields, 2 Yeates, 222, in the supreme court of Pennsylvania, was decided by Yeates and Smith, justices in 1797. A summons was served upon a nonresident defendant, one day after the trial of a cause in which he had been attending as a witness; and the court, after asserting that his exemption from process was the privilege of the court, and that the distinction taken by the plaintiff's counsel between writs of capias and summons, was not solid, "discharged the defendant from the suit."

The case of Miles v. M'Cullough, 1 Bin. 77, was also a case of summons, served upon a party in attendance on the court. There, as here, the motion was made to set aside the service, and was resisted on the ground that the privilege claimed for the party was limited to cases of arrest. But the court said: "It has been repeatedly ruled, that he is equally privileged from the service of a summons,"—and they set aside the service. I cannot regard this decision as resting on the circumstance of the defendant having been actually in presence of the court at the time when he was summoned. That circumstance was not adverted to in the argument,—the question was one of privilege regarding the suitor, not of contempt,—and the language of the court places the case of a summons on precisely the same ground as that of an arrest on the score of privilege.

I am informed, that the practice of the courts of Pennsylvania, has been always in accordance with these decisions, and that since our present term began, a gentleman of the bar, who had come from a neighboring county as counsel in a case pending before us, was protected by an eminent state judge (Judge Sharswood) from the service of a summons out of his court. It is also the practice of the state courts of New Jersey, the other state of this circuit. The opinion of Judge Southard in Halsey v. Stewart, 4 N. J. Law, 420, established this, and is besides an exceedingly clear exposition of the argument in its support.

With these views of the policy of the law, confirmed by the practice of the state courts throughout this circuit, and under a strong impression that the case of Mr. Hotchkiss illustrated aptly their propriety and justice, I felt myself at liberty to solicit the counsel of my Brother Grier (Judge Grier was at this time at Washington, attending the session of the supreme court of the United States) upon the points presented by the defendant's application; and he has authorized me to say, that he concurs with me in the opinion that the service of this writ of summons ought to be set aside. He adds in his letter to me, that Chief Justice Taney has been good enough also to consider of the question, and has arrived at the same conclusion. Service set aside.