See *U. S.* v. *Corbin*, 11 FED. REP. 238; *U. S.* v. *Moore*, 2 Low. 232.

---

## NICHOLS *v.* HORTON.

*(Circuit Court, N. D. Iowa, E. D.* December 8, 1882.)

1. PRIVILEGE OF WITNESS—EXEMPTION FROM SERVICE OF CIVIL PROCESS.

Defendant, while in attendance as a party and witness upon the trial of a case in Howard county, Iowa, by telegram directed and instructed the sheriff of Mower county, Minnesota, to seize by writ of attachment the goods of plaintiff, whereupon plaintiff immediately brought suit for the wrongful taking thereof, and served defendant with notice of the commencement of such suit. *Held,* that defendant could not protect himself from responding to the action brought against him by the alleged owner of the property, under the privilege usually accorded to witnesses and parties in attendance upon a trial of a cause in court.

2. SAME—EXCEPTION TO RULE.

Where parties or witnesses, while in attendance upon the trial of a cause, including going to and returning from the place of trial, do no wrong or injury to third parties, they may claim exemption from service of civil process; but where they lay aside the character of parties or witnesses, and for their own behalf and benefit give cause for the institution of actions against them by third parties, they cannot invoke this privilege, but must be deemed to have waived the exemption. The trial upon which the party or witness is in attendance must not, however, be interfered with by such service.

This action was commenced in the circuit court of Howard county, Iowa. The defendant is, and was at the time of the beginning of the action, a resident and citizen of Minnesota. Service of the original notice was had upon defendant at Cresco, Howard county, Iowa, on the fourteenth day of April, 1882.

The petition alleges that plaintiff is the owner of certain personal property; that the same was in his possession; that while he (the

plaintiff) was removing said property to Dakota territory it was levied on by the sheriff of Mower county, Minnesota, by virtue of a writ of attachment issued from the district court of Olmsted county, Minnesota, in an action wherein the present defendant is plaintiff and William O. and W. Nichols are defendants; that such levy was for the benefit of the defendant herein, and was made by his express directions; that such levy and taking possession of said property were wrongful and to the great damage of plaintiff.

At the September term, 1882, of the circuit court of Howard county, to-wit, on the twenty-sixth day of September, being the second day of the term, the defendant filed a petition for the removal of the cause into the federal court, which petition was granted, and the cause has been duly filed in this court. The defendant took no action in the state court save only the filing the proper petition and bond for the removal of the cause into this court.

On the first day of this term of this court, and as soon as it could be done after the removal of the cause, the defendant filed a motion to quash and set aside the notice and the service thereof upon defendant, being the notice served in the state court upon defendant, notifying him of the commencement of the action, for the reasons that, when said notice was served upon him, the defendant was a resident and citizen of Minnesota; that he was in Iowa only temporarily, and for the sole purpose of attending as a party and witness upon the trial of a suit then pending in the court of Howard county, Iowa, and that service of the notice was made on him while he was in Iowa, for the above purpose, and before the cause upon which he was in attendance was heard; that being thus in attendance upon the court as a party and witness, he was privileged from being served by legal process in a civil action.

It is shown by the affidavits filed in connection with this motion that the defendant went to Cresco, Iowa, on or about the tenth or eleventh of April, 1882, for the purpose of attending the trial in the cause then pending at that place; that previous to going to Iowa, and about the eighth day of April, he instituted an action in Olmsted county, Minnesota, against William O. and W. Nichols, and sued out a writ of attachment therein, and caused the same to be placed in the hands of the sheriff of Mower county, with instructions to levy the same upon the property which was subsequently taken by the officer; that he instructed the officer to keep watch for said property, and informed him that he was going to Iowa, and that he would endeavor to ascertain when the property would be shipped from Iowa

through Minnesota, and would notify the sheriff by telegraph of the facts, in order that the sheriff might make the levy; that while the defendant herein was at Cresco, Iowa, to-wit, on the eleventh day of April, the defendant sent a telegram to the sheriff of Mower county, notifying him that the property was in transit, and to make the levy; that this telegram was not received until the next day by the sheriff, who had already found the property, and executed the writ of attachment by taking possession of the property; that on the thirteenth and fourteenth days of April the defendant sent telegrams to the sheriff of Mower county directing him to hold the property under the writ of attachment.

Under this state of facts it is urged in behalf of plaintiff that the privilege claimed, of exemption from service of process in a civil action when in attendance upon another court as a party and witness, does not properly apply; and, further, that it is now too late to assert the claim, for the reason that the defendant did not make the claim in the state court, but simply appeared generally in the action, and filed a petition for removal into this court upon the ground that there was a controversy pending between the parties in which the amount involved exceeded $500.

*H. C. McCarty,* for plaintiff.

*Reed & Marsh,* for defendant.

SHIRAS, D. J. The general principle that parties, witnesses, and jurors are privileged from service of legal process in civil actions while in good faith they are in attendance upon the hearing of a cause in court, is well recognized by the authorities, and in the case of parties and witnesses this exemption from service of process extends to the taking of testimony before a master or commissioner preparatory to the final submission of the cause to the court. In point of time, the privilege exists during the time fairly occupied in going to and returning from the place of trial or hearing, as well as during the time when the party is in actual attendance at the place of trial. See *Brooks* v. *Farwell,* 2 McCrary, 220; [S. C. 4 FED. REP. 166;] *Juneau Bank* v. *McSpedan,* 5 Biss. 64; *Bridges* v. *Sheldon,* 7 FED. REP. 17; *Plimpton* v. *Winslow,* 9 FED. REP. 365; *Lyell* v. *Goodwin,* 4 McLean, 29; *Person* v. *Grier,* 66 N. Y. 124; 1 Greenl. Ev. §§ 316, 317.

Although this rule came into existence at a time when, in civil causes, the defendant might be arrested and held in custody to answer the writ unless bail were given, and although that fact had doubtless great weight in bringing about the adoption of the rule, as it is manifest that if a party, juror, or witness attending upon one

'cause could be arrested in another and kept in custody, it would impede and possibly defeat the proper disposition of the cause on trial; yet this was not the sole or only reason for the adoption of the rule in question. If it had been the sole reason for the rule, then, upon the abolition in any state of the right to arrest a defendant in a civil cause, the rule itself might be deemed to have been thereby abrogated. Experience, however, has shown that in order that causes may be fully heard, and the orderly administration of justice may be assured, it is necessary that parties, witnesses, and jurors shall be protected against service of process in civil actions while they are in good faith in attendance upon the trial of causes. If parties or witnesses are liable to be sued when in attendance upon the court in which the cause with which they are connected is pending, and by reason thereof they may be compelled to appear and answer in a foreign tribunal, or in one different and far distant from that wherein they could alone have been sued, had they not been in attendance upon the court, the fear thereof might well deter them from attending at the place of trial; and if they were beyond the reach of a subpœna, a party might, as a consequence, be deprived of the personal presence and testimony of witnesses whose absence would be fatal to his cause.

Without, however, endeavoring to give all the reasons why the privilege in question is still recognized and enforced in states under whose laws no arrest of the person can be made, as part of the process for the institution of civil actions, it is sufficient to say that the rule exists and is in force, and in all cases coming within its reason and true purpose this court will not hesitate to enforce it. Is it, however, a rule without exception, to be rigorously enforced in every case without reference to circumstances? Suppose a party or witness is in attendance upon a trial in a given case, and while so in attendance he wrongfully takes or injures the property of a third person, or inflicts bodily injury upon him, is such third person to be debarred from bringing an action at once against the wrong-doer, because he happened to be a party or witness in some cause then pending for trial, but with which the third person has no connection? Suppose a party or witness comes from a distant state, or possibly from a foreign country, to attend upon a trial, and while on his journey he commits a wrong, is the party thus injured obliged to submit to the wrong and postpone the bringing of an action for redress, until the wrong-doer has returned to his home, which, as suggested, may be in a foreign country, or, if in the United States, may be so far dis-

tant as practically to defeat all remedy if the injured party is obliged to follow him to his home? Suppose a party or witness, when in attendance upon a trial, becomes indebted to a hotel-keeper for his board, or to a merchant for goods purchased, to be paid for on delivery, and the debtor refuses to pay his just debts thus contracted, are the creditors powerless in the premises, and are they to be compelled to await the return of the debtor to his own home before they can invoke the protection of the law? If such a rule should be upheld, would it not be enabling parties and witnesses to perpetrate wrongs upon third parties, and then to escape responsibility by invoking the privilege attaching to their character as parties or witnesses in pending litigation, thus converting that, which was originally intended as a shield for their protection, into a weapon of offense, to the injury of innocent third parties? Where the parties or witnesses, while in attendance upon the trial, including going to and returning from the place of trial, do no wrong or injury to third parties, they may claim the protection of the privilege of exemption from service of civil process, but where they lay aside the character of parties or witnesses, and for their own behalf and benefit give cause for the institution of actions against them on behalf of third parties, then it would seem just to hold that they cannot invoke the privilege in question, but that by such action on their part they must be deemed to have waived the exemption. In the exercise of the right of bringing suit in such cases, it would be the duty, however, of such third party, in instituting his proceedings for the protection of his rights, to see to it that he does not in fact interrupt the trial of the cause upon which the party or witness is in good faith in attendance.

In the case at bar, it appears that the defendant herein, when served with the notice for the commencement of the action, was in attendance upon the trial of a cause in Howard county, Iowa; that while in said county the sheriff of Mower county, Minnesota, by his direction and express authority, levied a writ of attachment upon the property of the plaintiff herein, this being done on the eleventh day of April, 1882. The wrong complained of was not committed until that day, and the cause of action did not arise until that time, and as the evidence shows that the defendant was on that day sending directions to the sheriff to aid him in seizing the property, it must be held that he was an active participant in the taking of the property, and that he cannot protect himself from responding to the action brought against him, by the alleged owner of the property, under the

privilege usually accorded to witnesses and parties in attendance upon a trial of a cause in court.

There was no claim made, that the mere service of the notice on defendant, requiring him to appear and answer at the September term of the court, the service being made in April, in any manner interfered with the trial of the cause then pending and upon which the defendant herein was then in attendance.

Upon the facts disclosed on the record, we hold that the motion to quash the notice and service thereof must be overruled, and it is so ordered.

See *Larned* v. *Griffin*, 12 FED. REP. 590; *Matthews* v. *Puffer*, 10 FED. REP. 606, and note.