CENTRAL TRUST CO. OF NEW YORK et al. v. MILWAUKEE ST. RY. CO.

(Circuit Court, E. D. Wisconsin. May 18, 1896.)

PRIVILEGE OF ATTORNEYS—SERVICE OF SUBPŒNA WHILE ATTENDING COURT.
    Service of subpœna to attend hearings as a witness, upon an attorney who has come from another state to attend to business of his clients pending in the court, before he has had reasonable time to take his departure, will be set aside, on his motion, as a violation of the protection which the law extends to all necessarily attending upon a court, especially when the business of his clients requires his immediate presence in other states.

This was a petition by William Nelson Cromwell to vacate service of subpœna upon him as a witness.

B. K. Miller, Jr., for petitioner.
P. J. Somers and A. W. Bell, for respondent.

SEAMAN, District Judge. The facts stated by the petition, and conceded upon the hearing, are substantially as follows: The petitioner is an attorney at law residing in New York City, and has been engaged as counsel in the recent Northern Pacific litigation, throughout its pendency in this and other courts. He is also president of the defendant corporation in the above-entitled action. On April 28, 1896, he was in attendance before this court on application for certain important decrees respecting the Northern Pacific Railroad Company, having come from New York expressly for that purpose. Immediately after the hearing, while he was engaged in such matters, and in the office of the clerk of this court, the petitioner was served with a subpœna requiring his attendance as a witness before a commissioner of this court on May 1, 1896, in an examination pending in the above-entitled action, on behalf of an intervener therein,— being a matter entirely outside of said engagement. His duty as counsel in the Northern Pacific proceedings required his departure the same evening for St. Paul, and thence to various distant points, to obtain entry of ancillary decrees carrying out the purposes of the decrees entered here. Upon these facts, is a case presented which

calls for intervention by the court to save the petitioner from compulsory attendance herein as a witness on behalf of adverse parties, taking into consideration the fact that he is the president of the defendant, a Wisconsin corporation, and a nonresident of the state? The answer to this inquiry is clearly deducible from the authorities.

The ancient rule in England extended to practicing attorneys generally the privilege from arrest by the ordinary process of court, on the theory that they were "always supposed to be there attending," and that the "business of the court or their client's causes would suffer by their being drawn into any other than that in which their personal attendance is required." 3 Bl. Comm. 289; Bac. Abr. tit. "Privilege." This doctrine obtained no acceptance, as an entirety, in the jurisprudence of this country; and a privilege of such nature and extent could not well exist, in the light of American institutions, nor under the conditions of the present day. But, out of the common-law rule, it has become firmly established in the courts of the Union that "all persons who have any relation to a cause which calls for their attendance in court, and who attend in the course of that cause, though not compelled by process, are, for the sake of public justice, protected from arrest in coming to, attending upon, and returning from the court. Tidd, Prac. 196; 1 Greenl. Ev. §§ 316–318, and cases cited." In re Healey, 53 Vt. 694, 38 Am. Rep. 713, and notes, page 717. Necessarily, if not primarily, the immunity extends to the attorney representing the cause of his client before the court. In that view, it is stated in Brooks v. Patterson, 2 Johns. Cas. 102, "The object is that attorneys may not be drawn into other courts, or to other business, to the injury of the suitors," but that "the privilege is that of the court, for the sake of public justice, and is not intended as an accommodation to the individual." And in the leading case of Parker v. Hotchkiss, 1 Wall. Jr. 269, Fed. Cas. No. 10,739, it is said, in the opinion by Judge Kane, in which Chief Justice Taney and Mr. Justice Grier concurred, that the privilege is that of the court, and the immunity of the parties is incidental; that it arises "in the necessities of the judicial administration, which could be often embarrassed, and sometimes interrupted," if suitors and officers were not thus protected; and with reference to its exercise being discretionary, "as the purposes of substantial justice may require" (per Starret's Case, 1 Dall. 357), the explanation is given that "the suitor or the witness from another jurisdiction may be relieved; he who is at home here amongst us, suffering no inconvenience from the service, may be refused a discharge." The opinion further commends Halsey v. Stewart, 4 N. J. Law, 420, as containing clear exposition of the law, and in that case the court says, "Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them;" that "he should also be enabled to procure without difficulty the attendance of all such persons as are necessary to manifest his rights." No decision has been called to my attention which denies this protection to the attorney in actual attendance, nor to a nonresident for sufficient further time to come to and return from such attendance, and

the right is clearly declared in the cases above cited, and in Com. v. Ronald, 4 Call, 97; Secor v. Bell, 18 Johns. 52; Humphrey v. Cumming, 5 Wend. 90; Case of McNeil, 3 Mass. 287; Anderson v. Rountree, 1 Pin. 115. And in Parker v. Hotchkiss, supra, an instance is cited, with approval, in which Judge Sharswood, of the Pennsylvania supreme court, set aside the service of a summons upon an attorney from another county attending as counsel in a cause there pending. Upon the question whether the rule applies to the service of a subpœna, or other civil process, where there is no arrest, in the literal sense, the authorities in the state courts appear to preponderate in so holding, although there are decisions otherwise, as per Rhodes v. Walsh, 55 Minn. 542, 57 N. W. 212. But the doctrine of the federal courts clearly extends the privilege, in favor of nonresidents, at least, to all civil process; and in Miner v. Markham, 28 Fed. 387, Judge Dyer pronounced that view for this court, in an opinion which reviews the cases, and states satisfactory grounds for the ruling. See, also, Hurst's Case, 4 Dall. 387, Fed. Cas. No. 6,924; Parker v. Hotchkiss, supra; Bridges v. Sheldon, 7 Fed. 36, 44. The opportunity for serving the subpœna upon the petitioner in the case at bar came only through his call to attend this court upon an important hearing affecting the interests of his clients. If the service is valid, it could compel his attendance here at a time which would seriously interfere with the further attention which he owes to these clients in other courts along the line of the Northern Pacific Railroad. To so hold would violate the principles which aim to protect all having business before the courts. It is unnecessary to place the decision upon the ground that service was made within the constructive presence of the court, as per Blight v. Fisher, Pet. C. C. 41, Fed. Cas. No. 1,542, but the fact is sufficient that it was made before there was reasonable time for the return or departure of the petitioner. The order vacating the service will be entered.