# ENGLE *v.* MANCHESTER.

---

PROCESS; EXEMPTION FROM SERVICE; PLEADING.

1. Suitors and witnesses are exempt from the service of all forms of civil process during their attendance before any judicial tribunal and for a reasonable time in going and returning.

---

Note.—On the question of exemption of nonresident party from service of civil process while in state in connection with case, see notes in 42 L.R.A.(N.S.) 1101; L.R.A.1915A, 694; and L.R.A.1916E, 1173.

2. A plea in abatement, and not a motion to vacate the process, is the better practice where the question is whether the defendant was exempt from the service of the subpœna at the time it was served and the facts are not in the record (citing *Fischer* v. *Munsey Trust Co.* 44 App. D. C. 212); but where such a motion was made in the lower court in an equity cause and granted, and no exception was taken to the form of the pleading at the time, and the facts involved were undisputed, this court on an appeal by the plaintiff declined to remand the cause for trial on that ground.

3. A nonresident party to an interference proceeding while in attendance here by direction of his counsel upon the taking of testimony in behalf of the other party is exempt from the service of process in a suit instituted here against him, and if served with process under such circumstances the service will at his instance be vacated.

No. 2999.   Submitted February 8, 1917.   Decided March 6, 1917.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia granting motions by the defendants to a bill in equity to vacate the service of process upon them in the cause.                    *Affirmed.*

The Court in the opinion stated the facts as follows:

June 1, 1916, George S. Engle filed his bill in the supreme court of the District of Columbia against Arthur P. Manchester and Harry M. Spooner, in which it was alleged that for many years plaintiff had been engaged in making and perfecting a certain invention of a primary electrical battery, which he describes, and that for eleven years past he had prosecuted his invention in the State of Rhode Island and the District of Columbia, spending large sums of money in experimental work, maintenance of a shop, etc. That during five or more years, up to, to wit, December, 1912, he employed the defendants, Manchester and Spooner, to help him set up and demonstrate parts of said battery, which work they performed entirely under direction of plaintiff; that they were paid for their services by said Engle, which were wholly confined to the developing of the original idea of said plaintiff, and entirely ancillary and auxiliary to the development of his said inventions; that said

inventions are of great value, and for the purpose of protecting his rights said plaintiff on October 8, 1912, filed in the United States Patent Office applications for letters patent thereon, which applications are now pending in said office. He further avers that thereafter the defendants fraudulently, intending to reap for themselves the benefit of said invention, and to rob and defraud the said Engle of his inventions, and to claim them for themselves, on, to wit, February 1, 1913, made application jointly for joint patents on the plaintiff's said inventions for the Domain of Great Britain, which said patent was accepted November 13, 1913, and for the Republic of France on March 13, 1913, which said French letters patent were delivered May 26, 1913, and published August 2, 1913.

Plaintiff avers that said French and British patents were procured through false oaths and fraud on the part of the said defendants in claiming to be the real inventors of said inventions, when they knew that plaintiff was the real inventor thereof, and that they were his employees learning secrets in his employ, and attempting to claim them as their own, and when they knew that he had applied for letters patent on the same in the United States Patent Office.

That by reason of the fact that plaintiff is the inventor and owner of said patents, and is entitled to the protection of patents for said invention, not only in the United States, but in foreign countries, by process of law he is entitled to have the said patents so fraudulently and falsely issued to the defendants in France and Great Britain assigned to him as the real owner thereof. He is informed that said British and French patents are in the names of said defendants and have not been assigned by them, and even so, cannot deprive him of his right in the premises; and further, that he is entitled to have the benefits of any pecuniary profit, contracts, or licenses which the said defendants may have sought to execute or grant by virtue of said patents.

He prays for a restraining order to the defendants from conveying or attempting to convey the aforesaid British and French patents, or any interest therein, or any rights thereunder, except

to the plaintiff or his assigns, and that upon a final hearing the said temporary restraining order be made permanent.

Second, that the said defendants, their agents, and assigns, be required to assign to the plaintiff all rights to and under the aforesaid French and British patents, and all interest therein or therefrom.

Third, that the defendants be required to account to the plaintiff for all proceeds received under or by reason of said patents, and be required to turn over and deliver to the plaintiff all effects thereto appertaining, and that a personal decree be rendered against said defendants for any deficiency by reason of said patents.

Subpoenas were served on defendants personally June 1, 1916, by the marshal of the District of Columbia.

June 9th, 1916, defendants filed motions to vacate said process, and filed affidavits, from which it appears that defendants are nonresidents of the District and residents of the State of Rhode Island. That on the first day of June, 1916, they were present in the city of Washington as parties to certain interference proceedings between themselves, on one hand, and George S. Engle, named as plaintiff in the above-entitled cause, on the other, then pending in the United States Patent Office; that they were at the time aforesaid, as well as now, nonresidents of the District of Columbia, and were, on the said date, in the city of Washington for the sole purpose of the taking of the testimony on behalf of the said George S. Engle in the said interference proceedings; that while actually in attendance upon the taking of the said testimony, and while said Engle was on the witness stand, and under cross-examination by counsel for the said Manchester, a deputy United States marshal entered the room where the said testimony was then and there being taken and attempted to serve upon the defendants a subpoena in the above-entitled cause by handing a copy of the same to them, which is hereto annexed.

A further affidavit sets out the interference proceedings in the Patent Office between plaintiff and defendants, and further avers that they came to Washington upon a telegram from their

attorneys advising them of the taking of testimony in the city of Washington by the plaintiff and it was essential to the proper protection of their interests in said interference proceedings that they be present during the taking of said testimony, and that they went to Washington for that purpose only.

On the hearing of the motion to vacate, certain testimony was introduced, being a copy of the depositions of George S. Engle, from which it appears that he directed the preparation of the bill sometime before service, and that when the parties appeared in the proceedings in this District he directed his attorneys to finish up the bill and institute suit, and to have the subpœnas served, and that they were served during the hearing before the notary in said interference case.

He further said that he directed the suit months ago, but supposed it had been delayed until the parties voluntarily appeared within the jurisdiction of the court; that he told his attorneys that they were here, and to finish up and institute the suit, and have the subpœnas served.

On June 26, 1916, the court granted said motion and ordered that the service of process upon the said defendants be vacated, set aside, and for naught held.

Plaintiff has appealed from this decree.

*Mr. Henry E. Davis* and *Mr. Alvin L. Newmyer* for the appellant:

1. The privilege of suitors and witnesses from abroad of exemption from service of process while in attendance upon the judicial proceedings occasioning their presence in the jurisdiction has been subject of consideration in cases so numerous that their mere naming would make a volume of respectable size; but it has perhaps been nowhere better discussed than in *Netograph Mfg. Co.* v. *Scrugham*, 197 N. Y. 377, holding that it does not extend to a nonresident coming into the jurisdiction in accordance with his bail bond to attend his trial upon an indictment, although not tarrying longer than necessary for the purpose for which he came.

2. The origin of the privilege is quite universally recognized, and is correctly stated in *McIntire* v. *McIntire*, 5 Mackey, 344, a case arising in this jurisdiction, in which a motion was made to quash the service of a summons served upon a nonresident present in the courthouse as a looker-on during the hearing of a judicial proceeding then and there pending. See also *Wilder* v. *Welsh*, 1 MacArth. 566. In other jurisdictions it has likewise been held that the privilege of a party attending his case at court does not extend beyond the exemption of his person from arrest; if at the time he is arrested he is properly served with a copy of the writ, he can only claim an order that he be discharged from custody, or that the bail bond, if one has been given, be canceled, —he has no right to have the service of the writ set aside. *Sadler* v. *Ray*, 5 Rich. L. 523; *Hunter* v. *Cleveland*, 1 Brev. 167; *Case* v. *Rorabacher*, 15 Mich. 537; *Hopkins* v. *Colburn*, 1 Wend. 292; *Jenkins* v. *Smith*, 27 How. Pr. 171; *Capwell* v. *Nipe*, 17 R. I. 475; *Ellis* v. *Degarmo*, 17 R. I. 715; *Greer* v. *Young*, 120 Ill. 184.

3. An inhabitant of another State who is attending court within the State in which he is served, as a party plaintiff, is not protected from the service of a writ of summons, in an action instituted against him in the courts of the State wherein he is found. *Bishop* v. *Vose*, 27 Conn. 11; *Greer* v. *Young*, 120 Ill. 187; *Cassem* v. *Galvin*, 158 Ill. 33; *Longueville* v. *May*, 115 Iowa, 709; *Gwynn* v. *McDaneld*, 4 Idaho, 609; *Christian* v. *Williams*, 111 Mo. 429; *Baisley* v. *Baisley*, 113 Mo. 549; *Baldwin* v. *Emerson*, R. I. 304. See also *Mullen* v. *Sanborn*, 79 Md. 364; *Iron Dyke Copper etc. Co.* v. *Iron Dyke R. Co.* 132 Fed. 208; *Tiedemann* v. *Tiedemann*, 35 Nev. 259.

4. Where insufficiency of the service does not appear from the writ or return itself, but depends upon matter extrinsic thereto, the proper and only method to invalidate the service is by plea in abatement, and not motion to quash. *Bishop* v. *Vose*, 27 Conn. 7; *Ellis* v. *Degarmo*, 17 R. I. 715; *Greer* v. *Young*, 120 Ill. 190.

*Mr. W. C. Sullivan,* for the appellees, in his brief cited:

*Baisley* v. *Baisley,* 113 Mo. 544; *Baldwin* v. *Baldwin,* 16 R. I. 304; *Benton* v. *McIntosh,* 96 Fed. 132; *Bishop* v. *Vose,* 27 Conn. 1; *Breon* v. *Lumber Co.* 83 S. C. 221; *Bridges* v. *Sheldon,* 7 Fed. 17; *Brooks* v. *Farwell,* 2 McCrary, 220; *Bunce* v. *Humphrey,* 214 N. Y. 21; *Caha* v. *United States,* 152 U. S. 211, 221; *Cameron* v. *Roberts,* 87 Wis. 291; *Capwell* v. *Sipe,* 17 R. I. 475; *Case* v. *Rorabacker,* 15 Mich. 537; *Cassem* v. *Galvin,* 158 Ill. 30; *Central Trust Co.* v. *Milwaukee Co.* 74 Fed. 442; *Chittenden* v. *Carter,* 82 Conn. 585; *Christian* v. *Williams,* 111 Mo. 429; *Clark* v. *Grant,* 2 Wend. 257; *Cofrode* v. *Circuit,* 79 Mich. 332; *Cole* v. *Hawkins,* 2 Strange, 1094; *Cooper* v. *Wyman,* 122 N. C. 784; *Cosmos Exploration Co.* v. *Grey Eagle Co.* 190 U. S. 301, 309; *Diamond* v. *Earle,* 217 Mass. 499; *Dwelle* v. *Allen,* 151 App. Div. 717, 193 Fed. 546; *Ellis* v. *Degarmo,* 17 R. I. 715; *Feister* v. *Hulick,* 228 Fed. 821; *First Nat. Bank* v. *Ames,* 39 Minn. 179; *Greer* v. *Young,* 120 Ill. 184; *Guynn* v. *McDaneld,* 4 Idaho, 605; *Hale* v. *Wharton,* 73 Fed. 739; *Halsey* v. *Stewart,* 4 N. J. L. 366; *Hanegar* v. *Spangler,* 29 Ga. 217; *Harris* v. *Grantham,* 1 N. J. L. 142; *Hayes* v. *Shields,* 2 Yeates, 222; *Henderson* v. *Prizer,* 9 Phila. 65; *Higgins Mfg. Co.* v. *Green,* 56033 At Law; *Higham* v. *Iowa Asso.* 183 Fed. 845; *Hoffman* v. *Bay Circuit Judge,* 177 Mich. 565; *Hollander* v. *Hall,* 18 N. Y. Civ. Proc. Rep. 394, 19 N. Y. Civ. Proc. Rep. 292; *Hopkins* v. *Colburn,* 1 Wend. 292; *Howard* v. *Citizens Co.* 12 App. D. C. 222; *Hunter* v. *Cleveland,* 1 Brev. 167; *Re Healey,* 53 Vt. 694; *Re Rindskopf,* 24 Fed. 542; *Re Smith Constr. Co.* 224 Fed. 228; *Iron Dyke Min. Co.* v. *Iron Dyke R. Co.* 132; *Jacobson* v. *Hosmer,* 76 Mich. 234; *Jenkins* v. *Smith,* 57 How. Pr. 171; *Juneau Bank* v. *McSpedan,* 5 Biss. 64; *Kinne* v. *Lant,* 68 Fed. 436; *Larned* v. *Griffin,* 12 Fed. 590; *Letherby* v. *Shaver,* 73 Mich. 500; *Linton* v. *Cooper,* 54 Neb. 438; *List's Case,* 2 Ves. & B. 374, 35 Eng. Reprint, 361; *Long* v. *Hawken,* 114 Md. 239; *Longneville* v. *May,* 115 Iowa, 709; *Lyell* v. *Goodwin,* 4 McLean, 29; *Matthews* v. *Tufts,* 87 N. Y. 568; *McIntire* v. *McIntire,* 5 Mackey,

344; *Merchants' Nat. Bank* v. *United States,* 214 Fed. 200; *Merrick* v. *Giddings,* MacArth. & M. 55; *Merrill* v. *George,* 23 How. Pr. 336; *Miles* v. *McCullough,* 1 Binn. 77; *Minnick* v. *Packard,* 85 N. E. 787; *Mitchell* v. *Huron Circuit Judge,* 53 Mich. 541; *Morrow* v. *Dudley,* 144 Fed. 441; *Mulhearn* v. *Press Pub. Co.* 53 N. J. L. 153; *Mullen* v. *Sanborn,* 79 Md. 364; *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377; *Nichols* v. *Horton,* 14 Fed. 327; *Palmer* v. *Rowan,* 21 Neb. 452; *Parker* v. *Hotchkiss,* 1 Wall. Jr. 269; *Parker* v. *Marco,* 136 N. Y. 585; *Partridge* v. *Powell,* 180 Pa. 22; *Peet* v. *Fowler,* 170 Fed. 618; *Person* v. *Grier,* 66 N. Y. 124; *Plimpton* v. *Winslow,* 9 Fed. 365; *Powell* v. *Pangborn,* 161 App. Div. 453; *Powers* v. *Arkadelphia Co.* 61 Ark. 504; *Prather* v. *United States,* 9 App. D. C. 92; *Read* v. *Neff,* 207 Fed. 890; *Richardson* v. *Smith,* 74 N. J. L. 111; *Rix* v. *Sprague Co.* 157 Wis. 572; *Roberts* v. *Thompson,* 149 App. Div. 437; *Romaine* v. *Union Ins. Co.* 25 Fed. 625; *Roschynialski* v. *Hale,* 201 Fed. 1017; *Sadler* v. *Ray,* 5 Rich. L. 523; *Sanford* v. *Chase,* 3 Cow. 381; *Selby* v. *Hill,* 21 E. C. L. 491; *Small* v. *Montgomery,* 23 Fed. 707; *Spence* v. *Stuart,* 3 East, 89; *Stratton* v. *Hughes,* 211 Fed. 557; *Thornton* v. *Amer. Writing Mach. Co.* 83 Ga. 288; *Tiedemann* v. *Tiedemann,* 35 Nev. 259; *Tilton* v. *Parker,* 4 N. H. 142; *United States* v. *Anonymous,* 21 Fed. 761; *United States* v. *Bridgman,* 9 Biss. 221; *United States* v. *Edme,* 9 Serg. & R. 147; *Vincent* v. *Watson,* 1 Rich. L. 194; *Wall* v. *C. & O. R. Co.* 95 Fed. 398; *Watson* v. *Superior Ct. Judge,* 40 Mich. 729; *Wilder* v. *Welsh,* 1 MacArth. 566; *Williams* v. *Hatcher,* 95 S. C. 49; *Winson* v. *Raymond,* 4 Pa. 501; Const. art. I, Sec. 6; U. S. Rev. Stat. secs. 483, 863, 4904, 4905; 1 Tidd, Pr. 196.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The question involved in this case is the privilege of the party who was served with civil process while in voluntary attendance upon a judicial hearing wherein his interests were involved.

Plaintiff and defendants jointly were rival applicants for a patent for the invention described in the bill, and the interference had been duly declared in the Patent Office between them. The defendants, residing in Rhode Island, were in attendance upon the taking of the testimony of the plaintiff before an Examiner at the time of the service of this process in the city of Washington. Plaintiff was testifying at the time when the process was served, and defendants had come to the place of hearing upon the advice of counsel that their attendance was important to them in the depending interference.

This question of privilege of a party to exemption from service of civil process while in attendance upon a hearing has been the subject of discussion in very many American cases. The following afford examples: *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, 27 L.R.A.(N.S.) 333, 134 Am. St. Rep. 886, 90 N. E. 962; *Parker* v. *Marco,* 136 N. Y. 585, 20 L.R.A. 45, 32 Am. St. Rep. 770, 32 N. E. 989; *Powell* v. *Pangborn,* 161 App. Div. 453, 145 N. Y. Supp. 1073; *Rix* v. *Sprague Canning Machinery Co.* 157 Wis. 572, 52 L.R.A.(N.S.) 583, 147 N. W. 1001; *State ex rel. Watson* v. *Judge of Superior Ct.* 40 Mich. 729; *Mitchell* v. *Huron Circuit Judge,* 53 Mich. 541, 19 N. W. 176; *Mulhearn* v. *Press Pub. Co.* 53 N. J. L. 153, 11 L.R.A. 101, 21 Atl. 186; *First Nat. Bank* v. *Ames,* 39 Minn. 179, 39 N. W. 308; *Breon* v. *Miller Lumber Co.* 83 S. C. 221, 24 L.R.A.(N.S.) 276, 137 Am. St. Rep. 803, 65 S. E. 214; *Bishop* v. *Vose,* 27 Conn. 1; *Greer* v. *Young,* 120 Ill. 184, 11 N. E. 167; *Tiedemann* v. *Tiedemann,* 35 Nev. 259, 129 Pac. 313. These cases are not all in agreement as to the extent of the privilege. The Federal courts are in substantial agreement. See *Larned* v. *Griffin,* 12 Fed. 590; *Nichols* v. *Horton,* 4 McCrary, 567, 14 Fed. 327; *Kinne* v. *Lant,* 68 Fed. 436; *Hale* v. *Wharton,* 73 Fed. 739; *Central Trust Co.* v. *Milwaukee Street R. Co.* 74 Fed. 442; *Roschynialski* v. *Hale,* 201 Fed. 1017; *Stratton* v. *Hughes,* 211 Fed. 557; *Feister* v. *Hulick,* 228 Fed. 821. There has been a division of opinion in the state courts upon whether the privilege is limited to actual arrest upon civil process without extending to exemption from ordinary civil proc-

ess, but the tendency has been constantly to enlarge the right of privilege so as to afford full protection to suitors and witnesses from all forms of process of a civil character during their attendance before any judicial tribunal, and for a reasonable time in going and returning. This doctrine seems to be established by the weight of authority.

The question of privilege was raised by motion to dismiss, instead of by plea in abatement; but no exception was taken to the form of the pleading at the time, although that point is made in the argument of counsel for the appellant. It is true that where a question involves matters of fact which are not apparent upon the record, the better practice would require the filing of a plea in abatement. *Fischer* v. *Munsey Trust Co.* 44 App. D. C. 212–216. But the point is immaterial at this time, because the facts involved are undisputed, and it would serve no useful purpose to remand the cause for trial on this ground.

Public policy, the due administration of justice, and protection to the parties and witnesses alike demand the extension of this privilege, and whether the suit has been commenced by arrest or by mere summons of subpœna is immaterial. No one should be deterred from attending the place of trial by reason of liability to be sued in a foreign or distant jurisdiction. The proceeding in this case, while one of interference in the Patent Office, is judicial in its nature, involving important private and public interests. The taking of testimony was proceeding in due order, and the defendants, having been advised of the importance of their attendance, were within the protection of the privilege. The court was right in setting aside the process, and its judgment is affirmed with costs.          *Affirmed.*