ARCH R. SAMPSON, Respondent, *v.* NELSON Z. GRAVES, Appellant.

First Department, March 21, 1924.

**Process — non-resident party may be served with summons while in this State solely to attend argument of appeal.**

A summons may be served upon a non-resident while in this State at the suggestion of his counsel for the sole purpose of attending the argument of an appeal in an action in which he is a party, and of consulting with his counsel in regard to the appeal.

APPEAL by the defendant, Nelson Z. Graves, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of January, 1924, denying his motion to set aside the service of the summons in this action.

*Konta, Kirchwey & Michael* [*Karl W. Kirchwey* of counsel; *Lindley M. Garrison* with him on the brief], for the appellant.

*Laughlin, Gerard, Bowers & Halpin* [*Stewart W. Bowers* of counsel; *Spotswood D. Bowers* with him on the brief], for the respondent.

DOWLING, J.:

In June, 1918, Arch R. Sampson, the plaintiff herein, brought an action in the Supreme Court, New York county, against Nelson Z. Graves, the defendant herein. On December 21, 1922, the plaintiff in said action recovered a judgment therein against the defendant in the sum of $66,244.14, entered upon the verdict of a jury. An appeal from said judgment was taken to this court. Said appeal came on for argument and was argued on November 27, 1923.

The defendant is a resident of Philadelphia, Penn. At the suggestion of Mr. Karl W. Kirchwey, his counsel upon the trial of the above-mentioned action and upon the appeal therein, he came on from Philadelphia to attend upon the argument of said appeal with his Philadelphia counsel, Mr. Thomas F. Gain, on the morning of November twenty-seventh. He reached the Pennsylvania station in New York city at about one o'clock in the afternoon of that day, and after a few moments spent in the barber shop of the Pennsylvania station, he and Mr. Gain went directly to the courthouse of this court, arriving there about one-thirty-five P. M. They went directly into the court-room and awaited the argument of the appeal in said action, which was the first on the calendar. They greeted Mr. Kirchwey before the argument, and remained in the courtroom throughout the argument. They then left the courtroom with Mr. Kirchwey, conferred with him briefly in regard to the case in the outer room of the courthouse, and then left the courthouse at about three-forty P. M. to go directly to the Pennsylvania station and take the next train for Philadelphia. Immediately upon leaving the courthouse, Mr. Graves was served with the summons in this action. He forthwith re-entered the courthouse, handed the summons to Mr. Kirchwey, and again left the courthouse, going direct to the Pennsylvania station, where he and Mr. Gain took the four o'clock train for Philadelphia, arriving there about six P. M.

The sole object of Mr. Graves' visit to New York, according to his affidavit, was " to attend upon the hearing and argument of said appeal and to consult with my New York counsel, Mr. Kirchwey, and my Philadelphia counsel, Mr. Gain, in regard thereto; and this was all that I did during my sojourn in the State of New York."

According to the affidavit of his attorney, Mr. Kirchwey,

" I deemed it advisable for Mr. Graves to be present during the argument of said appeal in order to form his own impressions of the manner in which the argument on his behalf was presented by his counsel and received by the court, and in order to discuss with me the probable outcome of said appeal upon the conclusion of the argument. These were the reasons which induced me to suggest to Mr. Graves that he come on for the argument, and he came pursuant to such suggestion on my part."

Defendant has moved to set aside the service of the summons upon the ground that he was immune from such service during his presence in New York under the facts above set forth, and from the order denying his motion, the present appeal is taken.

The doctrine of the immunity from arrest of a litigant attending the trial of an action to which he was a party found early recognition in the law of England, and in Viner's Abridgment (Vol. 17 [2d ed.], 510 *et seq.*) is to be found a very interesting collection of cases asserting the privilege dating back to the Year Book of 13 Henry IV, I, B. (See, also, 21 R. C. L. 1303, 1310 *et seq.*)

The policy of this State by which immunity from the service of civil process was declared to extend to parties as well as to witnesses was laid down in *Person* v. *Grier* (66 N. Y. 124), wherein it was said (at p. 125): " It is the policy of the law to protect suitors and witnesses from arrests upon civil process while coming to and attending the court and while returning home. Upon principle as well as upon authority their immunity from the service of process for the commencement of civil actions against them is absolute *eundo, morando et redeundo.*"

And again (p. 126): " This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred, and parties prevented from attending, and delays might ensue or injustice be done."

In *Matthews* v. *Tufts* (87 N. Y. 568) the court said: " In *Van Lieuw* v. *Johnson*, decided March, 1871 [not reported], and referred to in *Person* v. *Grier* (66 N. Y. 124), a majority of this court were of opinion that a summons could not be served upon a defendant, a non-resident of the State, while attending a court in this State as a party. This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice. It is not confined to witnesses, but extends to parties as well, and is abundantly sustained by authority."

In *Parker* v. *Marco* (136 N. Y. 585) the court said (at p. 589):· " The privilege of a suitor or witness to be exempt from service of process while without the jurisdiction of his residence for the

purpose of attending court in an action to which he is a party or in which he is to be sworn as a witness is a very ancient one. (Year Book 13 Hen. IV, I, B; Viner's Abr. ' Privilege.')

" It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice. (*Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 id. 568.) "

In *Finucane* v. *Warner* (194 N. Y. 160) the court said (at p. 163): " When a non-resident comes into this State for the sole purpose of being sworn as a witness, the privilege of exemption from the service of civil process is extended to him, not merely for his own convenience, but also to enable the courts to properly transact their business. As we have recently said: ' It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice.' (*Parker* v. *Marco*, 136 N. Y. 585, 589.) If he comes here for no purpose other than to be a witness, he is protected from the service of process upon him while coming into this jurisdiction, while remaining in attendance at court and while returning home, provided he returns with reasonable dispatch after the trial has ended. If, however, he comes for the double purpose of attending court and attending to business having no connection with the trial, the privilege does not attach to him."

In *Netograph Manufacturing Company* v. *Scrugham* (197 N. Y. 377) the court said, referring to this privilege (p. 380): " It is not only not a natural right, but it is in derogation of the common natural right which every creditor has to collect his debt by subjecting his debtor to due process of law in any jurisdiction where he may find him. The privilege should, therefore, not be extended beyond the reason of the rule upon which it is founded. Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he cannot do otherwise."

In *Bunce* v. *Humphrey* (214 N. Y. 21) the principle, as laid down in the *Netograph Case* (*supra*), was quoted at length and expressly approved.

It thus appears that the privilege of a non-resident party or witness to be immune from service of process while in this State applies only to the trial of the action, or some proceeding incidental to the trial, and that the privilege is not merely a personal one, but is conferred that the administration of justice may be properly carried on and that the absence of foreign parties or witnesses at a trial may not be the cause of a failure to do justice between the parties. The presence of parties and witnesses is essential to the proper conduct of a trial; of witnesses, that all the facts relevant to the case may be adduced; of parties, that they may be free to advise their trial counsel as the exigencies of the case demand, and to meet evidence that may unexpectedly be brought against them.

The presence of litigants is neither necessary nor helpful to the argument of an appeal. Nor is their speculation as to its outcome, based on either hearing the argument or observing the court, of any concern to the administration of justice. The record is made upon the trial of the action and the presence of a litigant cannot affect it. In the present case the defendant did no more than attend the argument at his counsel's request and form his impressions of the manner of presentation of the argument on his behalf and how it was received by the court, and thereafter to discuss the probable outcome of the appeal. All this demonstrates that attendance upon the hearing of an appeal, while doubtless consoling to the litigant (if he ultimately wins), can have no bearing upon the due administration of justice, nor be helpful to it, which was the reason why the privilege was extended to the parties and witnesses attending a trial. I am of the opinion that the immunity granted does not extend to a party attending the argument of an appeal.

The learned counsel for appellant relies upon some language used in the case of *Parker* v. *Marco* (*supra*). Referring to the tendency to enlarge the right of privilege, the court said (at p. 590): " It has even been extended to a suitor returning from an appointment with his solicitor for the purpose of inspecting a paper in his adversary's possession in preparation for an examination before a master (*Sidgier* v. *Birch*, 9 Ves. 69); and while attending at the registrar's office with his solicitor, to settle the terms of a decree (*Newton* v. *Askew*, 6 Hare, 319); and while attending from another State to hear an argument in his own case in the Court of Appeals (*Pell's Case*, 1 Rich. L. 197)."

Appellant relies upon that case as sustaining his position on this appeal. In reply to this it is to be noted (1) the Court of Appeals did not approve the case cited, but simply recited it with others

as showing how far the rule had been extended, " even " to the extent of the three decisions given; (2) it was dictum, in any event, as the question in the *Parker* case was the immunity from service of process of a defendant who had come into the jurisdiction to attend an examination of plaintiff and his witnesses before a notary in preparation for a trial of the action in the State of South Carolina, which immunity the court sustained; (3) there is no such case as *Pell's Case* in 1 Richardson's Law Reports, at page 197 or elsewhere. 1 Richardson's Law Reports is a South Carolina report. The case at volume 1, page 197, is *Vincent* v. *Watson*, decided in 1845, which holds that a suitor in Chancery is privileged from arrest on civil process, while attending a reference before the master during vacation. The opinion of the court nowhere refers to the *Pell* case, nor decides the point as stated, viz., that a suitor attending the Court of Appeals is immune from service of process; (4) the case *Ex parte Ferris Pell* is referred to only in the digest of the argument of counsel in South Carolina, against the motion in *Watson's* case, as authority for the statement that a party in attendance from another State in the Court of Appeals to hear the argument in his own case (*Pell* v. *Ball*) was held to be privileged from arrest. The case is cited as " Ch. Mss. Dec.," but never seems to have been reported and certainly has never been followed or approved.

We believe that the same rule and its reason are equally well stated in *Brooks* v. *State ex rel. Richards* (26 Del. 1; 79 Atl. Rep, 790; 51 L. R. A. [N. S.] 1126), where the Supreme Court of Delaware held that the president of a foreign corporation attending an argument for an injunction, heard solely on affidavits previously filed, was not privileged from service of process. In a well-reasoned opinion Mr. Justice WOOLEY as last reported (*supra*) said (p. 1132): " The rule is based upon reason and was established for a purpose which has been consistently adhered to from the early English authorities down through the modern American authorities upon the subject. The reason of the rule is the proper administration of justice and its purpose is to protect that administration from embarrassments and interruptions caused by disturbance to those whose attendance upon the courts is compelled by duty or necessity. The rule was established for the protection of the courts that they might the better administer justice, free from interference with and intimidation of suitors, solicitors and witnesses and disturbance of the court's officers in the exercise of their duties, and became a privilege that affected persons in their several capacities only as their protection from process rendered the administration of justice more certain and complete. The privilege arises out of

the authority and dignity of the court, it is founded on the necessities of judicial administration, it has for its primal object the protection of the court, and not the immunity of the person, and is extended or withheld only as judicial necessities require. Y. B. 20 Hen. VI, 10; Bacon Abr. ' Privilege,' B. 2; Sellon Pr. 126; Tidd Pr. 196; *Starret's Case,* 1 Dall. 357, 1 L. ed. 174; *Hurst's Case,* 4 Dall. 387, 1 L. ed. 878, Fed. Cas. No. 6,924; *Brooks* v. *Patterson,* 2 Johns. Cas. (N. Y.) 102; *Parker* v. *Hotchkiss,* 1 Wall. Jr. 269; Fed. Cas. No. 10,739; *Halsey* v. *Stewart,* 4 N. J. L. 366; *Bridges* v. *Sheldon,* 18 Blatchf. 295, 507, 7 Fed. 17, 43; *Larned* v. *Griffin* (C. C.), 12 Fed. 590; *Nichols* v. *Horton* (C. C.), 4 McCrary, 567, 14 Fed. 327, 329, 330; *Hale* v. *Wharton* (C. C.), 73 Fed. 739, 740, 741; *Central Trust Co.* v. *Milwaukee Street R. Co.* (C. C.), 74 Fed. 442; *Person* v. *Grier,* 66 N. Y. 124, 23 Am. Rep. 35; *Matthews* v. *Tufts,* 87 N. Y. 568; *Mulhearn* v. *Press Pub. Co.,* 53 N. J. L. 153, 156, 11 L. R. A. 101, 21 Atl. 186.

" A close examination of the leading cases cited, as well as of many other English and American authorities, discloses that the principle which uniformly underlies the decisions is that the privilege or exemption from service of process is extended and is limited to those persons whose duty requires their attendance upon the court, and whose presence is necessary to the court in the performance of its function of administering justice, and in no instance do we find a case where immunity is given a person who appears before the court in any capacity, unless his appearance be in response to a duty or his presence be necessary to the court."

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.