### KOLLENBORN v. MURPHY et al.
### Civ. No. 5463.

United States District Court
N. D. Texas, Dallas Division.

Feb. 8, 1954.

Curtis White and Dee Brown Walker, Dallas, Tex., for the motion.

James L. Mitchell, Dallas, Tex., opposed.

ATWELL, Chief Judge.

The plaintiff, Kollenborn, a resident of Dallas, Texas, complains of the defendants, Murphy, who reside in Minnesota, and seeks damages for alienation of the affection of his wife, Kay Kollenborn.

That they had twin boys. That divorce proceedings were instituted in the State Court of Dallas County, Texas, which also sought custody of the twin boys, both for the wife, and for the husband.

That the attorney for the wife notified the Murphys that they were needed as witnesses in the divorce suit, and in response to that call for them, they came to Dallas, Texas, for the purpose of testifying in that cause. While sitting in the courtroom, awaiting the call of the case, in which case their testimony was material, each of them was asked to step into the hall, and when they did so they were each served with a citation in this cause wherein they are sued for alienation of affection, and for actual, as well as exemplary damages totaling $57,250.

This motion to quash sets forth the above facts, and upon argument of the motion, testimony was introduced by both sides, from which testimony I find as facts, the above statement.

As a consequence of such facts, the motion to quash the service must be sustained, and such action is supported by Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 45, 61 L.Ed. 192, wherein it was said that,

> "The state courts, with few exceptions, have followed this rule, applying it to plaintiffs as well as defendants, and to witnesses attending voluntarily as well as those under subpoena."

See also Kehler v. New Orleans Insurance Co., C.C., 23 F. 709; Martin v. Bacon, 76 Ark. 158, 88 S.W. 863; Lovejoy v. Foster, D.C., 77 F.Supp. 414; Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720, and Sampson v. Graves, 208 App.Div. 522, 203 N.Y.S. 729.

Motion to quash is sustained.